395 A.2d 715.

STATE *vs.* GEORGE C. LEVITT.

DECEMBER 20, 1978.

PRESENT: Bevilacqua, C.J., Joslin, Kelleher, Doris and Weisberger, JJ.

KELLEHER, J.   The defendant, George C. Levitt, appeals from the Superior Court denial of a motion in which he asked that his 10-year sentence be reduced. The sentence was imposed after a jury found him guilty of committing an

abominable and detestable crime against nature, to wit, fellatio. The events leading up to this conviction have been set forth in *State* v. *Levitt*, 118 R.I. 32, 371 A.2d 596 (1977).

The motion to reduce sentence was instituted pursuant to the pertinent provisions of Super. R. Crim. P. 35 and was heard by the trial justice who had imposed the 10-year sentence. At the hearing Levitt's counsel variously described the female complainant as an "incredible victim" and "a true daughter of Eve," adding that "this isn't the little Red Riding Hood in the woods that gets visited by a wolf." However, the trial justice, in reviewing the evidence which indicated that Levitt had threatened the complainant with a gun and tied her up, characterized Levitt's conduct as "sadistic and brutal."

In his appeal Levitt has filed a brief in which, under the section "Points Raised," his counsel lists "thirty-five (35) Incredible Facts." Later in the brief we find the assertion: "The disproportionate magnitude of sentence in light of the incredible facts of this case, rather than aiding in rehabilitation, or serving as deterrent, causes only bitterness, cynicism and contempt for our system of jurisprudence." While this language may be a masterpiece of rhetoric, it is a poor substitute for the discussion of the legal principles which should guide us in our consideration of Levitt's appeal.

An accused convicted of committing a crime against nature runs the risk of receiving a jail sentence which can range from a minimum of 7 years to a maximum of 20 years. General Laws 1956 (1969 Reenactment) §11-10-1. In *State* v. *Fortes*, 114 R.I. 161, 330 A.2d 404 (1975), we recognized the inherent power of this court to review any alleged excessive sentence. Nevertheless, we said that this power would be used only in the exceptional case where the record positively points to the conclusion that there is no "justification" for the imposition of a sentence that is "grossly disparate" from a sentence generally imposed for a similar offense.

Levitt's repeated attacks on the complainant's credibility

are of little assistance to us in our consideration of the issue which must be resolved when an individual challenges the denial of a Rule 35 motion. Here there is not one shred of documentation which would support any inference either that there is no justification for Levitt's 10-year sentence or that his sentence is "grossly disparate" from sentences generally imposed after similar convictions.

Since the defendant has fallen far short of fulfilling his burden under *Fortes*, his appeal is denied and dismissed.

*Julius C. Michaelson*, Attorney General, *John S. Foley*, Special Assistant Attorney General, for plaintiff.

*Charles H. Gifford III, Lawrence F. O'Donnell, Michael J. O'Donnell*, for defendant.

395 A.2d 714.

MARY M. KYLE *vs.* DAVOL, INC.

DECEMBER 20, 1978.

PRESENT: Bevilacqua, C.J., Joslin, Kelleher, Doris and Weisberger, JJ.

Doris, J. This is an original petition for workers' compensation. It is before us on the employee's appeal from a decree of the Workers' Compensation Commission affirming a decree of the trial commissioner which denied and dismissed the petition on the ground that the employee had failed to prove by a fair preponderance of the evidence that the injury sustained arose out of and in the course of her employment.

The facts are not in dispute. On the morning of December 23, 1975, the employee disembarked from a bus at the intersection of Eddy and Point Streets in Providence enroute to her job at Davol, Inc. She crossed Eddy Street and stepped up onto the Point Street sidewalk which was very slippery because of an accumulation of snow and ice. The employee fell on this sidewalk approximately ten feet from the Point Street entrance to Davol. The time was 6:40 a.m., 20 minutes prior to the commencement of her normal working day. The employee's treating physician testified that X rays revealed a bi-malleoli fracture of her right ankle which in his opinion was caused by the fall. He further testified that in his opinion she was totally incapacitated from the date of the injury.

Whether the employee's injury was compensable depends upon the legal effect given to uncontradicted and unimpeached facts. Initially that matter was a question of law for the commission; and its resolution thereof, unlike its determination of factual controversaries, is subject to review on

appeal. *Montanaro* v. *Guild Metal Products, Inc.*, 108 R.I. 362, 364, 275 A.2d 634, 635 (1971); *Boullier* v. *Samsan Co.*, 100 R.I. 676, 679, 219 A.2d 133, 135 (1966).

The commission concluded that the instant case was controlled by our decisions in *Peters* v. *Bristol Manufacturing Corp.*, 94 R.I. 255, 179 A.2d 853 (1962) and *Tromba* v. *Harwood Manufacturing Co.*, 94 R.I. 3, 177 A.2d 186 (1962). The petitioner argues on appeal, however, that this case is factually distinguishable from *Peters* and *Tromba*, or, in the alternative, that we should overrule those precedents.

The petitioner contends that, unlike the situation in *Peters* and *Tromba*, in the instant case there was evidence that the employer had sufficient control over the sidewalk to support a finding that the injury was sustained in the course of the employee's employment. At the hearing before the commissioner evidence was adduced that maintenance men at Davol were regularly assigned to clear the sidewalk of ice and snow. The petitioner buttresses her argument by relying upon municipal ordinances that require the owners and occupiers of buildings abutting upon any street, highway, or public place to remove ice and snow from sidewalks. *Providence Code* §§23-13, -16. We do not find this distinction persuasive. The question of control over the place of injury, rather than being conclusive of compensability, is only one of the facts or circumstances to be considered on the issue of whether an adequate causal relationship existed between the injury and the employee's employment. *Bergeron* v. *Kilnic Co.*, 108 R.I. 313, 317, 274 A.2d 753, 755 (1971). Were we to accept petitioner's argument, we would be constrained to hold that every injury sustained by an employee upon an icy or snowy sidewalk abutting his place of employment is compensable. As has been stated:

*Lovett & Linder, Ltd, Raul L. Lovett,* for petitioner.

*Francis V. Reynolds, Bernard W. Boyer,* for respondent.