STATE

v.

Julio HOLLEY.

No. 92–495–C.A.

Supreme Court of Rhode Island.

April 20, 1993.

Jeffrey Pine, Atty. Gen., Aaron Weisman, Asst. Atty. Gen., for plaintiff.

Richard Casparian, Public Defender, Catherine Gibran, Barbara Hurst, Asst. Public Defenders, for defendant.

## OPINION

**PER CURIAM.**

This case came before this court for oral argument on April 1, 1993, pursuant to an order directed to the defendant, Julio Holley (Holley), to appear and show cause why we should not summarily decide the issues raised by his appeal. After hearing the arguments and reviewing the memoranda of counsel, we believe the defendant failed to show cause.

This case has a lengthy history and already has been before this court in *State v. Holley*, 604 A.2d 772 (R.I.1992). On February 6, 1987, defendant and a confederate, Zachary Spratt (Spratt), entered a grocery store owned by sixty-five-year-old Melkon Varadian (Varadian). The defendant struck Varadian, dragged him fifteen feet, and began "beating him across the face with the barrel of his gun." The defendant and Spratt were unable to break into Varadian's cash register and fled from the store without taking any money.

After being captured by the police, the confederate, Spratt, pled nolo contendere and received a twenty-five-year sentence with fifteen years to serve on a robbery charge. The defendant's case came before a jury, and the jury convicted defendant of robbery and conspiracy to commit robbery. The trial justice sentenced defendant to forty-five years with thirty years to serve. On appeal we vacated defendant's robbery conviction and remanded the case to Superior Court with directions to enter a judgment of conviction of assault with intent to commit robbery and to resentence defendant on that charge.

On remand the trial justice sentenced defendant to serve twenty years at the Adult Correctional Institutions, the maximum sentence allowed by law for a charge of assault with intent to commit robbery. General Laws 1956 (1981 Reenactment) § 11–5–1, as amended by P.L.1981, ch. 76, § 1. The defendant then moved for the

reduction of his sentence pursuant to Rule 35 of the Superior Court Rules of Criminal Procedure. The trial justice denied defendant's motion to reduce his sentence and defendant appeals from this order.

On this appeal, defendant asserts that the trial justice erred in sentencing defendant for a period that is greater than that of his confederate, Spratt, who was sentenced to serve fifteen years in prison. In support of this contention, defendant relies on *State v. Pittman*, order No. 89–558 C.A. (R.I., filed May 25, 1990), an unpublished order of this court. In *Pittman* the defendant was the driver of a stolen automobile in which a confederate was riding as a passenger. The confederate jumped from the car, knocked an elderly woman to the ground, and robbed her. The confederate, the perpetrator of the crime, pled nolo contendere and received an eight-year sentence. The defendant, sixteen years old at the time of the offense, was sentenced to serve fifty years in prison, the first forty to be served and the remaining ten years suspended. We held that on the basis of the fact that the defendant was not the primary perpetrator of the crime, and that the defendant received a sentence that was grossly disproportionate to the sentence imposed upon his confederate, the fifty-year sentence could not stand.

*Pittman* does not, as Holley suggests, hold that confederates must receive equal sentences. In this case, unlike the situation in *Pittman*, the defendant Holley was a primary perpetrator of the crime. Indeed it was Holley who beat the sixty-five-year-old victim about the face with the barrel of his gun. Moreover in this case, the trial justice considered that Holley's criminal record is one that could be amassed only by a habitual criminal. In addition the sentence the trial justice imposed upon Holley was only five years greater than that imposed upon Spratt, the confederate. This certainly is not a grossly disproportionate sentence as was the case in *Pittman*. Accordingly we conclude that the trial justice did not commit error in sentencing Holley to serve a greater sentence than that of his confederate.

We deny and dismiss the defendant's appeal and affirm the order of the Superior Court.