STATE of Rhode Island

v.

Richard McVEIGH.

No. 96–175–C.A.

Supreme Court of Rhode Island.

Oct. 17, 1996.

Andrea Mendes, Aaron· Weisman, Providence.

Paula Lynch Hardiman, Paula Rosin, Providence.

## ORDER

This matter came before the Court for oral argument on October 11, 1996, pursuant to an order directing both parties to appear and show cause why the issues raised by the defendant's appeal from a Superior Court justice's denial of his motion to reduce sentence pursuant to Super.R.Crim.P. 35 should not be summarily decided.

After hearing the arguments of counsel and considering the memoranda submitted by the parties, we are of the opinion that cause has not been shown. The issues raised in the appeal will be decided at this time.

The defendant, Richard McVeigh, was convicted of eight counts of first degree sexual assault and sentenced to life imprisonment on each count, the first four life sentences to run concurrent with each other and the last four life sentences to run concurrent with each other but consecutive to the first four life sentences. The actual sentence imposed, therefore, was the equivalent of two life sentences. The defendant's convictions were affirmed by this Court in *State v. McVeigh*, 660 A.2d 269 (R.I.1995).

In support of his motion to reduce sentence, the defendant argued that his punishment was greatly disproportionate to other sentences imposed for the same crime in Rhode Island. Although the trial justice accepted all of the evidence submitted by the defendant as true, the trial justice found that the defendant's case facts justified the harsher sentence the defendant received. He, therefore, denied the motion to reduce.

We conclude that the facts of this case clearly justify the sentence imposed. The evidence at trial showed that the defendant's sexual abuse of his biological daughter began when he struck her over the head with what she believed to be a telephone while he was drunk. She woke up the next morning in his bed with her clothing removed. Although the defendant claimed that it would never happen again, the sexual abuse, which consisted of both fellatio and sexual intercourse, continued almost every night for more than three years. The defendant's abuse of his biological daughter was not limited to sexual abuse, however. The defendant oftentimes would beat his daughter. Those beatings occurred either because the defendant's daughter did not want to engage in sexual activity with the defendant or because the defendant's daughter would menstruate, which meant that the defendant had failed in accomplishing his unnatural and incomprehensible goal of impregnating her. The defendant also forbade his daughter to have friends or to leave the household and he forced her to drop out of high school at age sixteen. She finally left home in 1984, when she was eighteen, at which time she was in fear of her life.

Although the defendant's daughter had no contact with the defendant after she left home, he continued to try to exert control over her by showing up at her house, uninvited, when she was married in 1985 and again when her children were born between 1987 and 1990. Those unannounced visits were what prompted the defendant's daughter to bring her allegations of sexual abuse to the proper authorities.

Those facts, presented during the defendant's trial, demonstrate an especially disturbing pattern of sexual and physical abuse. When imposing his sentence originally, the trial justice recognized that the sentence was possibly the most severe sentence ever imposed for sexual assault. However, in imposing the sentence, the trial justice was motivated by the unique facts of this case. We, too, conclude that the facts of this case justify the sentence imposed. It is within the trial justice's discretion

"to increase the [sentence] term to suit the circumstances of the particular crime involved. Although in arriving at his decision a trial justice may use benchmarks as a guide to the proportionality of a term, he is bound only by the statutory limits. * * * In formulating a fair sentence, the trial justice bears the affirmative duty to treat each defendant separately, focusing on the individual's unique background and character. *State v. Bertoldi,* 495 A.2d 247, 253 (R.I.1985). He should consider the gravity of the crime, the possibilities for defendant's rehabilitation, deterrence to others, and the appropriateness of the punishment for the crime." *State v. Gordon,* 539 A.2d 528 (R.I.1988).

The trial justice in this case properly considered all of the relevant factors and imposed the proper sentence. Contrary to the defendant's assertions, it was the defendant's *acts* that were grossly disproportionate to other occurrences of sexual assault, and not his sentence. His sentence certainly reflected the gravity and nature of the defendant's behavior.

For the foregoing reasons, the appeal of the defendant is denied and dismissed. The denial of the motion to reduce sentence appealed from is affirmed, and the papers in the case may be remanded to the Superior Court.