STATE

v.

Charles COTE.

No. 98–362–Appeal.

Supreme Court of Rhode Island.

June 2, 1999.

Aaron L. Weisman, Lauren Sandler Zurier, Providence.

Paula Rosin, Providence, Janice M. Weisfield.

### ORDER

The defendant, Charles Cote, appeals from a Superior Court order denying his post-trial motion to reduce his sentence pursuant to Rule 35 of the Superior Court Rules of Criminal Procedure. Previously, a jury had convicted the defendant of four counts of first-degree sexual assault in violation of G.L.1956 § 11–37–2. The trial justice sentenced the defendant to a term of sixty years on each count, with forty years to serve, twenty years suspended, and twenty years probation. The trial justice also ordered the sentences imposed on counts one and two to run consecutively to the sentences imposed on counts three and four, thereby effectively sentencing the defendant to serve what amounted to an eighty-year sentence. On appeal, we affirmed these convictions. *See State v. Cote*, 691 A.2d 537 (R.I.1997). Subsequently, the defendant moved to reduce his sentence, the hearing justice denied the motion, and this denial is now the subject of the present appeal. After a prebriefing conference, we ordered the defendant to show cause why we should not decide the issues raised in this appeal summarily. No such cause having been shown, we proceed to resolve this appeal at this time.

Because the trial justice who presided over defendant's trial was elevated to this Court after the trial, the Presiding Justice

this case, they have declined to do so.

of the Superior Court heard defendant's motion to reduce his sentence. Following a hearing, the court denied defendant's motion. In doing so, the hearing justice stated that although he had not reviewed the transcript of the entire trial, he did review the transcript from the sentencing hearing, including the victim's statement. After doing so, the hearing justice stated:

"Here we have a situation where the defendant was found guilty of at least one act of digital penetration, at least one act of fellatio, at least one act of cunnilingus, and at least one act of vaginal intercourse on various and sundry dates when [the victim] was under the age of 13 years. * * * I'm struck by the fact that the victim in this case did exercise her right as a victim to address the Court. And she articulated directly and very movingly the effect these incidents had upon her maturity. It is true, as Mr. Lavoy suggests, that these incidents occurred almost ten years prior to the trial date. But the fact that this victim was prepared to come to court, as I recall this was the third trial, and tell her story, and relive those nightmarish recollections, is further evidence of the seriousness of the offenses for which this defendant was convicted."

The defendant filed a timely notice of appeal from the order denying the motion.

On appeal, defendant argues that his sentence was "so excessive that this Court should exercise its sparingly-utilized authority to review and reduce it." The defendant maintains that the eighty-year sentence imposed upon him is greatly disproportionate to sentences generally imposed for this same offense. Under this sentence, he claims that he will not be eligible for parole until he serves two-thirds of his sentence, by which time he will be over ninety-nine years old. The defendant cites numerous cases in support of his appeal, and he also has supplemented the record with a computer printout of sentences imposed in cases involving first-degree child molestation, first-degree sex-ual assault, and second-degree child molestation, showing that those who have been sentenced for such crimes serve substantially fewer years than he has been sentenced to serve for his convictions.

A motion to reduce a sentence is essentially a plea for leniency, and this Court has stated that rulings on such motions lie within the discretion of the hearing justice. The court may grant the motion if it "decides on reflection or on the basis of changed circumstances that the sentence originally imposed was, for any reason, unduly severe." *State v. Byrnes*, 456 A.2d 742, 744–45 (R.I.1983). This Court's authority to review the hearing justice's decision in these matters in extremely limited *See State v. Marini*, 638 A.2d 507, 518 (R.I.1994). We will modify or overturn a sentence only when the sentence is manifestly excessive. *See State v. Ballard*, 699 A.2d 14, 15–16 (R.I.1997). A manifestly excessive sentence consists of one which is "disparate from sentences generally imposed for similar offenses when the heavy sentence imposed is without justification." *Id.* at 16 (quoting *State v. Ouimette*, 479 A.2d 702, 704 (R.I.1984)). It is the defendant's burden to show that the sentence imposed violates this standard. *See Ballard*, 699 A.2d at 16.

Although defendant in this case has attempted to demonstrate that his sentence was disproportionate to other sentences imposed for similar offenses, he has failed to meet his burden of showing that no justification existed for the sentence he ultimately received. As noted by the hearing justice, the facts of this case justified defendant's long sentence. According to the evidence, defendant sexually molested his stepdaughter from the age of nine until the age of ten and a half "in a series of acts of escalating intensity." *Cote*, 691 A.2d at 538. These acts included exposing himself to her, masturbating in front of her, forcing to touch his penis with her face or hands, rubbing her breasts, digitally penetrating her vagina, performing cunnilingus upon her, making her perform

fellatio upon him, and forcing her to engage in sexual intercourse. *See id.* The evidence also showed that although the assaults stopped after the victim told her mother, defendant continued with other vile acts, such as watching her bathe and entering her bedroom with a gun and threatening to kill himself. *See id.*

Moreover, the sentence imposed upon the defendant in this case is not the severest sentence ever given for similar acts. *See State v. McVeigh,* 683 A.2d 375 (R.I. 1996) (mem.) (affirming the sentencing justice's imposition of the equivalent of two life sentences upon the defendant after he was convicted of eight counts of first-degree sexual assault). In this case, both the sentencing justice and the hearing justice clearly believed that the types of offenses for which the defendant was convicted justified a severe sentence. Given the defendant's horrific acts upon his stepdaughter, we are hard pressed to conclude that no justification existed for the sentence he received.

In sum, the hearing justice's denial of the defendant's motion to reduce his sentence was within in his discretion, and we cannot say that the sentence was manifestly excessive. For the foregoing reasons, we deny and dismiss the defendant's appeal and uphold the sentence in question.

BOURCIER, J., did not participate.