**STATE**

v.

**Joseph MOLLICONE, Jr.**

**No. 98–569–C.A..**

Supreme Court of Rhode Island.

Feb. 16, 2000.

Lauren Sandler Zurier, Aaron L. Weisman, Providence, for Plaintiff.

Robert B. Mann, Providence, for Defendant.

Present WEISBERGER, C.J., and BOURCIER, FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

This case came before the Court for oral argument on January 25, 2000, pursuant to an order directing the parties to show cause why the defendant's appeal should not be summarily decided. The defendant, Joseph Mollicone, Jr. (defendant), challenges the trial justice's denial of his motion to reduce sentence pursuant to Rule 35 of the Superior Court Rules of Criminal Procedure. After reviewing the memoranda submitted by the parties and hearing the oral arguments of counsel, we are of the opinion that cause has not been shown and that the issues raised by this appeal should be summarily decided at this time.

The defendant was convicted of five counts of embezzlement, nineteen counts of false bank entries, and two counts of conspiracy in conjunction with his activities as president of Heritage Loan and Investment Company. The defendant was sentenced to twenty years for the embezzlement counts, with fifteen years to serve and five years suspended; twenty years for the false bank entry counts, with fifteen years to serve and five years suspended running consecutively to the embezzlement sentence; and ten years to

serve for the conspiracy counts running concurrently with the embezzlement and false bank entry counts. The defendant was also fined $420,000 and required to pay $12,000,000 in restitution. The defendant's conviction was affirmed by this Court in *State v. Mollicone,* 654 A.2d 311 (R.I.1995).

In support of his motion to reduce sentence, defendant argued that the trial justice should consider his cooperation with various law enforcement authorities as a mitigating factor in order to reduce his sentence. He argued that the trial justice incorrectly imposed consecutive sentences because consecutive sentences may be imposed only if there existed extraordinary or unusual circumstances in the underlying conviction, neither of which were present here. In his decision denying defendant's motion to reduce sentence, the trial justice acknowledged defendant's cooperation with law enforcement agencies, but felt that this did not justify reducing his sentence. The trial justice also found that the sentence imposed was neither harsh nor unprecedented and was well within his discretion. In respect to defendant's cooperation, the trial justice made the following comments:

> "[Defendant] summarizes for the Court various activities he engaged in to assist law enforcement even though he placed himself at risk of physical harm. Most of his cooperation, except for the so-called Fleet Bank Loan, off line loans about which he testified and meetings with the Heritage Receiver, was not related to the failure of Heritage. His cooperation on those unrelated matters, was given after he received immunity from prosecution, a prudent precondition to avoid further legal jeopardy with which the Court finds no fault.

> "The Court's comments at sentencing were occasioned by the defendant's stated desire to set the record straight and have his responsibility properly apportioned *as it related to Heritage.* To the Court, this translates into informa-

tion relating to individuals, i.e., directors, officers and/or employees, who were complicit in defendant's activities which resulted in the eventual demise of Heritage.

> "The Court acknowledges, as does the state, that defendant has cooperated with various governmental and legal entities in their attempts to recoup moneys resulting from the Heritage collapse and the credit union crises 'providing useful' and 'significant' information. This, however, is a far cry from defendant's professed desire to set the record straight and apportion blame for Heritage which he has not even come close to achieving.

> "The Court is of the opinion that whatever benefits ought to flow to the defendant from his documented cooperation do not support his motion to reduce, but rather, are more properly left to the consideration of the parole board at the appropriate time."

 A motion to reduce sentence pursuant to Rule 35 is addressed to the sound discretion of the trial justice. *See State v. Tiernan,* 645 A.2d 482, 484 (R.I.1994). Our authority to review such a decision is extremely limited and will be exercised only when the sentence is without justification. *See State v. Giorgi,* 121 R.I. 280, 282, 397 A.2d 898, 899 (1979). We have consistently adhered to a strong policy against interfering with a trial justice's discretion in sentencing matters. *See Tiernan,* 645 A.2d at 484; *Giorgi,* 121 R.I. at 282, 397 A.2d at 899; *State v. Fortes,* 114 R.I. 161, 173, 330 A.2d 404, 411 (1975). We will interfere with this discretion only in rare instances when the trial justice has imposed a sentence that is without justification and is grossly disparate from other sentences generally imposed for similar offenses. *See State v. Ballard,* 699 A.2d 14, 15 (R.I.1997); *State v. Upham,* 439 A.2d 912, 913 (R.I.1982).

 The sentence imposed in the instant case was within the trial justice's discretion. When deciding a sentence, a

**138**

trial justice is guided by the following factors: "(1) the severity of the crime, (2) the defendant's personal, educational, and employment background, (3) the potential for rehabilitation, (4) the element of societal deterrence, and (5) the appropriateness of the punishment." *Tiernan*, 645 A.2d at 484. The trial justice may also consider a defendant's sense of remorse with respect to the potential for rehabilitation. *See id.* at 485.

In the instant case, the trial justice was aware of these factors and applied them correctly. The trial justice correctly stated that the vastness and scope of defendant's crimes were unprecedented. The trial justice noted that defendant never expressed true remorse or fully accepted responsibility for his actions. Finally, the trial justice noted that defendant's cooperation with law enforcement officials may be properly considered in the future by the parole board, but was not a factor that justified reducing his sentence. Therefore, the trial justice correctly denied defendant's motion to reduce sentence.

For the foregoing reasons, the appeal of the defendant is denied and the denial of the defendant's motion to reduce his sentence is affirmed. The papers in this case may be remanded to the Superior Court.

Justice LEDERBERG did not participate.