STATE

v.

Gary SOUZA.

No. 99–44–C.A.

Supreme Court of Rhode Island.

April 14, 2000.

Aaron L. Weisman, Providence.

Catherine A. Gibran, Paula Rosin, Providence.

**ORDER**

Gary Souza, the defendant, was convicted by a Superior Court trial jury for having committed ten separate sexual assaults upon his young stepdaughter over a period of some eight years. Two of these convictions were for first-degree child molestation sexual assault, two were for first-degree sexual assault, and six were for second-degree child molestation sexual assault. He was sentenced upon those convictions to various terms of incarceration, with portions there of suspended and with periods of probation to commence upon his release from prison. In aggregate, he was sentenced to serve concurrent terms of incarceration totaling forty-five years. Thirty additional years were suspended and, upon his release from prison, he would be on probation for thirty years. On March 25, 1998, this Court denied his appeal and affirmed his convictions. *See State v. Souza,* 708 A.2d 899 (R.I.1998).

Thereafter, pursuant to Rule 35 of the Superior Court Rules of Criminal Procedure, the defendant moved to seek a reduction of his sentences in the Superior Court. Following a hearing on his motion, a Superior Court justice denied the motion.[1] The defendant filed a timely notice of appeal from the order entered denying his motion.

---

1. Because the trial justice who presided over the defendant's trial was elevated to this Court after the trial, another justice of the

Superior Court heard the motion to reduce his sentences.

Following a prebriefing conference held by a justice of this Court, the defendant was ordered to show cause why we should not decide the issues raised in the appeal summarily. None has been shown and we proceed to decide the appeal at this time.

At the Superior Court hearing on his motion to reduce sentence, the defendant did not challenge his sentences on the ground that they were excessive or grossly disparate from sentences generally imposed for the same crimes after trial. Instead, he asserted "that he has always been a law-abiding citizen and a productive member of society[,]" and that that he now has a wife "and a toddler daughter, born after [he] was incarcerated." He stated that he "brought the motion to throw himself at the mercy of the court and to pray the court's leniency in reducing his sentence."

In support of his motion and plea for leniency, the defendant asserted that "his sentence of 45 years to serve substantially exceeded the state's recommended sentence of 30 years to serve, and far surpassed the state's original offer of 15 to serve on *all* [fourteen] counts of the indictment."[2] (Emphasis in the original). He contended that "there is absolutely nothing to be gained by keeping Gary Souza behind bars for such a lengthy term of years." We disagree.

The record reveals that the defendant sexually molested his stepdaughter in a series of acts which began with simple touching above her clothing at age eight, escalating to first degree child molestations and culminating with violent first degree sexual assaults at age fifteen. At the sentencing hearing, the trial justice rejected the defendant's suggestion that he should be given leniency in light of the fact that there had been plea negotiations before trial. In passing sentence, the trial justice found that:

"[t]hese crimes cry out for a long jail sentence. * * * The convictions in this case reflect a pattern of the most heinous criminal activity. It began with second degree child molestation in which you robbed that child of her innocence and youth. You've progressed to a first degree child molestation with penetration, and you culminated in the most heinous of all offenses—a rape."

Considering that the state's pre-trial negotiation offer had been withdrawn prior to trial and that there is no right in the defendant to compel specific performance unless and until a defendant's plea to the charges is actually entered (*see State v. Trepanier*, 600 A.2d 1311, 1315 (R.I.1991)), the trial justice properly refused to consider the previous and irrelevant pre-trial negotiations for a plea agreement when she sentenced the defendant.

Our review of the record in this case and our application of the limited standard of review we accord to discretionary judgments made by a trial justice, as set forth in *State v. Maniatis*, 657 A.2d 149 (R.I. 1995), persuades us that the sentence was not manifestly excessive (*see State v. Cote*, 736 A.2d 93 (R.I.1999); *State v. McVeigh*, 660 A.2d 269 (R.I.1995)), and did not constitute an abuse of discretion on the part of the hearing justice.

We note that had the *minimum* sentences called for and required to be imposed by G.L.1956 §§ 11–37–3, 11–37–8.2 and 11–37–8.4 been imposed consecutively upon the defendant, his sentences would have totaled ninety-six years to serve rather than the forty-five years he now is required to serve.[3]

---

**2.** The record reveals that at the sentencing hearing, the state recommended a fifty year sentence, thirty years to serve, and twenty years to be suspended with probation. The state denied ever offering the defendant a plea agreement of fifteen years to serve.

**3.** G.L. § 11–37–3 provides a prison term of not less than ten years and up to for life for committing first-degree sexual assault;
G.L. § 11–37–8.2 provides a prison term of not less than twenty years and up to life for committing first-degree child molestation sexual; and,

For the foregoing reasons, we deny and dismiss the defendant's appeal and uphold the sentence in question.

Justice GOLDBERG did not participate.

---

G.L. § 11–37–8.4 provides a prison term of not less than six years and up to thirty years

for committing second degree child molestation sexual assault.