STATE

v.

**Vincent ROSSI.**

**No. 00–49–Appeal.**

Supreme Court of Rhode Island.

April 19, 2001.

Aaron L. Weisman, Providence.

Paula Lynch Hardiman, Paula Rosin, Providence.

**ORDER**

This case came before the Court on April 3, 2001, pursuant to an order direct-

ing the defendant, Vincent Rossi (defendant or Rossi), to appear and show cause why the issues raised in this appeal should not be summarily decided. Rossi appealed a Superior Court order entered February 4, 2000, denying his motion to reduce his sentence pursuant to Rhode Island Superior Court Rules of Criminal Procedure, Rule 35. After hearing arguments of counsel and reviewing the memoranda submitted by the parties, we are satisfied that cause has not been shown. Accordingly, we shall decide the issues raised by this appeal at this time.

The defendant was convicted in 1985, of second-degree child molestation sexual assault (molestation) and solicitation of perjury. He was sentenced to 20 years on the molestation count, and a consecutive 10 year term on the count of solicitation.[1] The defendant appealed his conviction, and this Court affirmed. *See State v. Rossi,* 520 A.2d 582 (R.I.1987).

On June 24, 1997, defendant filed a motion to reduce his sentence pursuant to Rule 35. The defendant based his request for leniency on his age and health. The motion was heard and denied in Providence County Superior Court on January 6, 1999.

On February 10, 1999, defendant filed a motion to reargue his motion to reduce sentence. In support of this motion, defendant asserted that the sentence imposed was disproportionate to the benchmarks in molestation cases decided between 1984 and 1986. This motion was also denied. The motion justice reiterated his reasoning stating,

"Based on the facts of this case and my review of the file and my earlier review with [the trial justice] I do not believe that the circumstances of this case warrant any deviation from the sentence that [the trial justice] imposed. Accordingly I will deny the motion to reargue and we will leave the sentence in place as I originally did when I denied the motion to reduce."

The defendant filed a notice of appeal on June 2, 1999 although an order did not enter until February 4, 2000.[2]

On appeal, defendant argued to this Court, as he did to the motion justice, that his sentence was grossly disproportionate to those sentences imposed for similar crimes during the same time period. In support of this assertion, defendant provided the Court with a list of convictions in molestation cases between 1984 and 1986 where less severe sentences were imposed. According to defendant, the sentencing range for molestation cases heard during this period fell between three and eight years, far shorter in length than the 20–year sentence imposed in this case.

"A motion to reduce a sentence under Rule 35 is essentially a plea for leniency." *State v. Ferrara,* 748 A.2d 246, 248 (R.I. 2000) (quoting *State v. McKinney,* 705 A.2d 1379, 1379 (R.I.1997)). "[S]uch motions are within the discretion of the trial justice 'and may be granted if the court decides on reflection or on the basis of changed circumstances that the sentence originally imposed was, for any reason, unduly severe.'" *State v. Ortega,* 755 A.2d 841, 841 (R.I.2000) (quoting *State v.*

---

1. The defendant's counsel stated at oral argument that because Rossi did not raise the issue of the propriety of the 10 year term for solicitation below, the sole issue before this Court concerns the justification of the imposition of a 20 year term for second-degree child molestation.

2. We have previously held that a premature filing of an appeal is generally acceptable. *See Ruggieri v. City of East Providence,* 593 A.2d 55, 57 n. 2 (R.I.1991).

*Byrnes,* 456 A.2d 742, 744–45 (R.I.1983)). "Our authority to review such a decision is extremely limited and will be exercised only when the sentence is without justification." *State v. Mollicone,* 746 A.2d 135, 137 (R.I.2000). This Court has maintained a "strong policy against interfering with a trial justice's discretion in sentencing matters," and, therefore, we only will interfere with that discretion "in rare instances when the trial justice has imposed a sentence that is without justification and is grossly disparate from other sentences generally imposed for similar offenses." *Id.* "A manifestly excessive sentence is defined as one which is 'disparate from sentence[s] generally imposed for similar offenses when the heavy sentence imposed is without justification.'" *Ortega,* 755 A.2d at 841. "It is the defendant's burden to show that the sentence imposed violates this standard." *Id.* (quoting *State v. Cote,* 736 A.2d 93, 94 (R.I.1999)).

Based upon our review of the record we conclude that Rossi's sentence was not excessive and was justified under the circumstances. The defendant sexually molested an eight-year-old child and attempted to implicate his landlord as the perpetrator by encouraging the victim to falsely accuse the landlord of the crime. To ensure this false testimony, defendant told the victim that if she did not lie he would kill her mother. Rossi's motive for implicating his landlord was simply because the landlord had raised defendant's rent. *Rossi,* 520 A.2d at 583.

Further, under Rhode Island law, second-degree child molestation sexual assault involves sexual contact rather than penetration. *Compare* G.L.1956 §§ 11–37–8.1 and 11–37–8.3. Thus, many second-degree molestation cases typically involve over-the-clothing touching of the victim. In the case before us the act was far more serious. Here, after defendant removed the child's clothing, he exposed himself and proceeded to make contact with the child's vaginal area. Although not technically first-degree child molestation sexual assault, this behavior came disturbingly close. In addition, § 11–37–8.4 sets the penalty range for second-degree child molestation sexual assault at "not less than six (6) years nor more than thirty (30) years."

In light of the abhorrent conduct of defendant, coupled with the permissible penalty range provided in § 11–37–8.4, we are of the opinion that the motion justice did not abuse his discretion when he denied defendant's motion to reduce his sentence.

For the foregoing reasons, defendant's appeal is denied and dismissed, the judgment appealed from is sustained, and the papers of the case are remanded to the Superior Court.

Justice Bourcier did not participate.