STATE

v.

Matthew FERRARA et al.

No. 2001–105–C.A.

Supreme Court of Rhode Island.

March 6, 2003.

Aaron L. Weisman, Providence, for Plaintiff.

Kelly Monteiro, Paula Rosin, Providence, for Defendant.

Present: WILLIAMS, C.J., FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

In this case, the defendant, Matthew Ferrara (defendant or Ferrara), appeals from a Superior Court order denying his motion to reduce sentence. Because the defendant has not demonstrated that the trial justice abused his discretion in denying the motion, we affirm. This matter came before the Court for oral argument on January 22, 2003, pursuant to an order that directed the parties to appear and show cause why the issues raised by this appeal should not summarily be decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and that the issues raised by this appeal should be decided at this time. The facts pertinent to this appeal are as follows.

## I

### Facts and Travel

In January 1987, Ferrara and his codefendant Steven Thompson (Thompson)[1] (collectively referred to as defendants), attacked a couple innocently sitting in a parked car in Roger Williams Park in the City of Providence. The couple were robbed of their jewelry at knifepoint and then kidnapped, as Ferrara forced the male victim into the back seat with Thompson, and positioned himself in the driver's seat. As he drove, Ferrara forced

the female victim to remove all her clothes and perform fellatio on him. Ferrara stopped the vehicle and ordered the victims to switch places, so that Thompson could also sexually assault the female victim. The male victim escaped and summoned help from a second vehicle passing by. Eventually, Ferrara pushed the female out of the moving vehicle while the male victim watched from the second vehicle. The pair abandoned the vehicle, breaking into an occupied home as they fled. The Rhode Island State Police eventually found defendants hiding in the garage of the home they broke into. Ferrara was convicted of first-degree sexual assault, kidnapping, robbery, assault with intent to murder, conspiracy, and assault with a dangerous weapon, and was sentenced to life imprisonment plus seventy-five consecutive years. This Court affirmed those convictions on appeal. *See State v. Ferrara,* 571 A.2d 16, 24 (R.I. 1990). Approximately sixty days after our decision in that case, Ferrara filed a motion to reduce his sentence under Rule 35 of the Superior Court Rules of Criminal Procedure. However, the Superior Court did not respond to his motion. After the public defender became involved in 1997, the state filed an objection to the motion, alleging that the motion was untimely. The trial justice agreed and rejected defendant's attempt to have his sentence reviewed.

The defendant appealed to this Court, and we sustained his appeal, concluding that he timely filed his motion and that the Superior Court's failure to respond to the motion constituted unjust delay and was an abuse of discretion. *See State v. Ferrara,* 748 A.2d 246, 249 (R.I.2000). Therefore, we remanded the case for a hearing

---

1. Thompson is not a party to this appeal.

on the merits of defendant's Rule 35 motion. Finally, in July 2000, a hearing was held on defendant's motion to reduce sentence. In supporting his motion, defendant argued that his sentence was not proportional to Thompson's sentence and to other sentences issued to defendants who had committed similar crimes. The defendant proposed that his sentence of life imprisonment be converted to a specific term of years, to run concurrent with the other terms of years imposed on the other counts. In the alternative, he proposed that the non-life consecutive term of year sentences be changed to concurrent sentences. The state objected and argued that the sentence should remain untouched based on the "gravity and severity" of the crimes defendant committed. The state introduced evidence of defendant's previous convictions, and of an additional sexual assault that occurred five days before the attack. The hearing continued in September 2000 and the trial justice rejected defendant's motion. The state read aloud a letter from the female victim evidencing the lifelong damage that she suffered as a result of defendant's acts. Although the trial justice noted that the sentence was long, he reasoned that "he deserved those sentences and * * * the victims deserved the sentences that were imposed to this defendant * * *." The defendant timely appealed.

## II

### Standard of Review

■ "[A] motion to reduce sentence under Rule 35 'is essentially a plea for leniency.'" *State v. Kilburn,* 809 A.2d 476, 480 (R.I.2002) (quoting *State v. Furtado,* 774 A.2d 38, 39 (R.I.2001) (per curiam)). The decision on the motion is made pursuant to the discretion of the trial justice. *See id.* (citing *State v. Mollicone,* 746 A.2d 135, 137 (R.I.2000) (per curiam)). "This Court

has maintained a 'strong policy against interfering with a trial justice's discretion in sentencing matters,' and, therefore, we only will interfere with that discretion 'in rare instances when the trial justice has imposed a sentence that is without justification and is grossly disparate from other sentences generally imposed for similar offenses.'" *State v. Rossi,* 771 A.2d 906, 908 (R.I.2001) (mem.) (quoting *Mollicone,* 746 A.2d at 137). "A manifestly excessive sentence is defined as one which is 'disparate from sentence[s] generally imposed for similar offenses when the heavy sentence imposed is without justification.'" *Id.* (quoting *State v. Ortega,* 755 A.2d 841, 841 (R.I.2000)). "It is the defendant's burden to show that the sentence imposed violates this standard." *Id.* (quoting *Mollicone,* 746 A.2d at 137).

## III

### Motion to Reduce Sentence

■ The defendant first argues that the trial justice imposed a sentence that was grossly disproportionate compared to sentences imposed for similar offenses. Furthermore, defendant argues that his sentence was disproportionate to that of his codefendant. The defendant contends that the fact that the sentence issued exceeded the prosecutor's recommendation also is evidence of disproportionate sentencing. However, even if defendant could prove that the sentences were disproportionate, and we reject the assertion that he has done so, he still must "meet his burden of showing that no justification existed for the sentence he ultimately received." *State v. Cote,* 736 A.2d 93, 94 (R.I.1999) (mem.). Based on our review of the record we conclude that defendant has not established that the sentence he received was unjustified. Ferrara violently kidnapped the victims, holding a large knife to the throat of the female victim. He

sexually assaulted her in front of her boyfriend, leaving him helpless to rescue her. He maliciously pushed her out of a moving vehicle onto Interstate 95, which proves that he had no regard for her life. Furthermore, he attacked the victims during the same week that he raped a second woman at knifepoint in front of her husband. Both victims still suffer from the aftershock of these attacks. Furthermore, Rule 32 of the Superior Court Rules of Criminal Procedure does not require the trial justice to accept the prosecutor's sentencing recommendations.

Lastly, defendant proposes that pursuant to this Court's decision in *State v. Ballard*, 699 A.2d 14 (R.I.1997), the trial justice should have issued the sentences concurrently, and not consecutively. In *Ballard*, this Court granted that defendant's appeal from a motion to reduce sentence because "the consecutive life-term sentences he received [were] unjustifiably out of proportion to the severity of his crimes." *Id.* at 17. However, in making the rare decision to grant an appeal from the denial of a motion to reduce sentence, we specifically noted in *Ballard* that there was "no torture, no sexual abuse, and no other similar attempt to injure the [victims]." *Id.* at 18 n. 6. We also noted the absence of a "prior record of violent crimes as a justification for the sentences imposed." *Id.* (citing *State v. McVeigh*, 683 A.2d 375, 376 (R.I.1996)). These mitigating circumstances clearly are not present in this case. Ferrara raped a woman and threw her out of a moving car traveling in the high-speed lane at approximately 60 miles per hour. The trial justice also considered defendant's prior criminal record in his sentencing decision.

In this case, we conclude that the sentence issued was justified and that there is no evidence that the trial justice abused his discretion.

## Conclusion

Accordingly, the defendant's appeal is denied and dismissed. The judgment of the Superior Court is affirmed. The papers in the case may be returned to the Superior Court.