STATE

v.

Keith BURKE.

No. 2003–606–C.A.

Supreme Court of Rhode Island.

June 30, 2005.

Lauren Sandler Zurier, Providence, for Petitioner.

Paula Lynch, East Greenwich, for Respondent.

Present: WILLIAMS, C.J.,
GOLDBERG, FLAHERTY, SUTTELL,
and ROBINSON, JJ.

## OPINION

PER CURIAM.

This case came before the Supreme Court on April 5, 2005, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not summarily be decided. The defendant appeals from a Superior Court order denying his motion to reduce his sentence for felony witness intimidation with an enhanced penalty as a habitual offender. After hearing arguments of counsel and reviewing the memoranda submitted by the parties, we are satisfied that cause has not been shown. Accordingly, we shall decide the appeal at this time. We affirm.

## I

### A

### Conviction and Sentencing for Witness Intimidation[1]

In June 1996, after assaulting his wife, Deborah Burke (Deborah), and destroying a vase, defendant was arrested and charged with assault and battery and malicious damage. At the time, defendant was on probation, having recently completed a prison sentence on unrelated charges, and therefore, the state sought to have him declared a probation violator. On September 6, 1996, just before his probation violation hearing was to begin, he committed the offense of witness intimidation.

The facts disclosed that a disinterested witness, Kathleen O'Brien (O'Brien), while outside the courthouse, observed defendant yelling at Deborah "that if the state didn't have any witnesses[, then] they couldn't go forward with the case" and if "you don't drop the charges I am going to beat the f* * * out of you and they will find you half dead." O'Brien reported the incident, and on September 24, 1996, the state charged defendant with felony witness intimidation. One day after defendant's arraignment, the state served notice that it would pursue the imposition of an enhanced penalty under the habitual offender statute, G.L.1956 § 12–19–21.[2] The state listed two predicate offenses on its notice: breaking and entering a dwelling without consent of the tenant (P2/92–1715A) and larceny of goods valued in excess of $500 (P2/93–3967A).[3]

---

1. The facts reported herein were adopted, in large part, from the facts set forth in *State v. Burke*, 811 A.2d 1158 (R.I.2002) (*Burke I*).

2. General Laws 1956 § 12–19–21, provides, in pertinent part:
   "(a) If any person who has been previously convicted in this or any other state of two (2) or more felony offenses arising from separate and distinct incidents and sentenced on two (2) or more occasions to serve a term in prison is, after the convictions and sentences, convicted in this state of any offense punished by imprisonment for more than one year, that person shall be deemed a 'habitual criminal.' * * *
   "(b) Whenever it appears a person shall be deemed a 'habitual criminal,' the attorney general, within forty-five (45) days of the arraignment, but in no case later than the date of the pretrial conference, may file with the court a notice specifying that the defendant, upon conviction, is subject to the imposition of an additional sentence in accordance with this section * * *."

3. In case number P2/92–1715A, defendant was charged with felony breaking and entering, but he later pled guilty to a lesser charge. In case number P2/93–3967A, defendant pled guilty to stealing bushes from a nursery in Johnston. He appeared before the Superior Court and entered into a plea agreement, under which he received a ten-year suspended sentence and was ordered to pay $1,200 in restitution.

At a pretrial hearing, the state moved to amend the habitual offender notice to replace the breaking and entering conviction with another of defendant's convictions, namely, for assault of a person over the age of sixty (P2/91–4083A). The state had discovered that, pursuant to a plea agreement, defendant had been convicted of misdemeanor trespass instead of the felony breaking and entering in P2/92–1715A. The trial justice granted the motion, and the felony assault conviction served as one of the two predicate felony offenses required to establish habitual offender status.

A jury found defendant guilty of felony witness intimidation. The trial justice sentenced Burke to serve five years in prison on the underlying charge, plus an additional fifteen years as a habitual offender. The defendant appealed to this Court and challenged several pretrial rulings by the trial justice. He also contested his habitual offender status, arguing that he received only a suspended sentence for one of his predicate offenses.

In *State v. Burke*, 811 A.2d 1158, 1161 (R.I.2002) (*Burke I*), this Court affirmed the sentence. We concluded that the trial justice did not abuse his discretion by denying defense counsel's motion to withdraw nor did he err by granting the state's motion to amend the criminal information or the habitual offender notice. *Id.* at 1165–66, 1168. In addition, we held that "a suspended sentence is the imposition of a term of imprisonment[,] which is then suspended," and therefore, a suspended sentence may be used to satisfy the requirements of the habitual offender statute. *Id.* at 1169.

## B

### Posttrial Motions

After his conviction was affirmed by this Court, defendant filed a host of motions to reduce and/or correct his sentence for witness intimidation, as well as a motion to vacate his sentence for larceny in P2/93–3967A. He challenged the use of the larceny conviction as a basis for habitual offender status, arguing, yet again, that a suspended sentence cannot serve as a predicate offense for purposes of the habitual offender statute and that he was told he would not serve any jail time for that conviction. Also, defendant moved to vacate the larceny conviction and its use as a predicate offense, contending he was not afforded his right of allocution during the plea colloquy. In addition, defendant asserted that his sentence should be reduced because the fifteen-year enhancement under the habitual offender statute was grossly disproportionate to the witness intimidation sentence.

The hearing justice denied defendant's motion to vacate his larceny sentence, finding that, even if defendant had been deprived of his right of allocution, the sentence would have been legal, albeit illegally imposed. The remedy, therefore, would be for the court to correct the sentence, not vacate it, and a motion to correct must be filed within 120 days of sentencing.[4] Moreover, the hearing justice suggested

---

4. Rule 35(a) of the Superior Court Rules of Criminal Procedure provides, in pertinent part:

   "The court may correct a sentence imposed in an illegal manner and it may reduce any sentence when a motion is filed within one hundred and twenty (120) days after the sentence is imposed, or within one hundred and twenty (120) days after receipt by the court of a mandate of the Supreme Court of Rhode Island issued upon affirmance of the judgment or dismissal of the appeal, or within one hundred and twenty (120) days after receipt by the court of a mandate or order of the Supreme Court of the United States issued upon affirmance of the judgment, dismissal of the appeal, or denial of a writ of certiorari."

that defendant may have waived his right of allocution when, during the plea colloquy, the trial justice reviewed the sentence and asked him whether he understood the agreement.

Furthermore, after considering defendant's plea for leniency, the hearing justice denied the motions to reduce and/or correct. He found that because he had refused to vacate the predicate larceny conviction there was no basis for a sentence reduction. The trial justice rejected defendant's argument that the fifteen-year sentence enhancement under the habitual offender statute was excessive, finding it without merit: "Although the underlying basis for imposing a sentence for habitual offender depended upon the two prior felony convictions, this defendant has a long and extensive record of law violations." He went on to say that "the enhancement has nothing to do with the original underlying offense[;] * * * his underlying offense[ ] is the culmination of [a] habitual offender career, and is a serious culmination in any event."

## II

### Issues on Appeal

Before this Court, defendant argues that the fifteen-year sentence he received as a habitual offender was grossly disproportionate and excessive, particularly given that witness intimidation is not a "truly heinous or unique" crime. He next contends that the state failed to prove his prior convictions and imprisonments, as required under the habitual offender statute. In addition, defendant again argues that he was not sentenced to serve a term in prison for the larceny conviction but that, instead, the trial justice deferred sentencing for that offense. Finally, defendant asserts that his sentence in the predicate larceny offense was illegal.

It had been almost nine years since defendant

The only issue properly before this Court, however, is whether the trial justice erred by denying defendant's motion to reduce his witness intimidation sentence. Following the hearing on Burke's posttrial motions, defendant filed only one notice of appeal, citing the denial of his motion to reduce. However, for the sake of completeness, we will address all of defendant's issues.

## III

### A

### Motion to Reduce Sentence as a Habitual Offender

A motion for reduction of sentence "is essentially a plea for leniency." *State v. Ferrara*, 818 A.2d 642, 644 (R.I. 2003) (quoting *State v. Kilburn*, 809 A.2d 476, 480 (R.I.2002)). In our jurisprudence, there is a " 'strong policy against interfering with a trial justice's discretion in sentencing matters.' " *Id.* Therefore, our review of a trial justice's ruling on a motion to reduce is limited. *State v. Morris*, 863 A.2d 1284, 1286 (R.I.2004) (citing *Ferrara*, 818 A.2d at 644). We will not disturb a trial justice's ruling on a motion under Rule 35 of the Superior Court Rules of Criminal Procedure, except " 'in rare instances when' the sentence imposed is one 'without justification and is grossly disparate from other sentences generally imposed for similar offenses.' " *Id.* at 1287 (quoting *Ferrara*, 818 A.2d at 644).

The defendant asserts that his fifteen-year sentence under the habitual offender statute is grossly disproportionate to the five-year sentence imposed for witness intimidation. This argument is wholly without merit. First, defendant received the *maximum sentence* for the underlying offense—five years imprison-

was sentenced in case P2/93–3967A.

ment. General Laws 1956 § 11–32–5(b). In contrast, under the habitual offender statute, defendant could have received twenty-five years, instead of a fifteen-year sentence. Section 12–19–21(a). Moreover, we agree with the hearing justice that the seriousness of witness intimidation cannot be understated. As the hearing justice eloquently explained:

"[T]his defendant has undermined one of the basic foundations of the justice system. Doing justice even in the most heinous of offenses, murder, kidnapping, or rape, depends upon witnesses taking the witness stand and telling the truth, whether those witnesses be eyewitnesses, character witnesses, expert witnesses, forensic witnesses, documentary witnesses, the list could go on and on.

"If we don't have witnesses who come forward to testify about what they saw, what they heard, what they observed, and what they concluded from the things they, or other people[,] saw, observed[,] or heard, our system collapses.

"We can't do justice unless there are witnesses for the prosecution and, where they exist, witnesses for the defense, if the defendant elects to call witnesses.

"Interfering with witnesses[,] * * * in the case of this defendant[,] * * * is the culmination of a criminal career. It's the culmination of a life's experience that taught, if nothing else, that if you try hard enough you can get away with almost anything. That was the basis of the overall sentencing here."

We are in complete agreement with this reasoning and conclude that defendant's sentence was justified and not grossly disproportionate.

## B

### Burden of Proof under the Habitual Offender Statute

■ The defendant asserts that the state failed to satisfy its burden of proof,

under the habitual offender statute, that there were two prior convictions and prison sentences. He argues that the judgment of conviction for his predicate larceny conviction "does not contain language commonly used to denote a term of imprisonment." The state contends that defendant could have raised this argument in *Burke I* and, therefore, is barred from litigating it now, under the doctrine of res judicata. We agree.

As discussed above, in *Burke I*, 811 A.2d at 1169, we affirmed the trial justice's decision to add a fifteen-year enhancement penalty to defendant's five-year sentence for witness intimidation. Res judicata promotes judicial economy and consistency of judgments by barring parties who have had their day in court from adjudicating issues that either were already decided or should have been raised in a previous action. *Plunkett v. State*, 869 A.2d 1185, 1187–88 (R.I.2005). When, as here, the claims are the same, to wit, a challenge to defendant's sentence under the habitual offender statute, claim preclusion " 'precludes the relitigation of *all* the issues that were *tried or might have been tried* in the original suit.' " *Id.* at 1188. The defendant's opportunity to challenge the state's application of the habitual offender statute came and went in *Burke I*.

## C

### Defendant's Motions to Correct the Witness Intimidation Sentence

### 1

### Suspended Sentence or Deferred Sentencing?

■ The defendant asserts that the habitual offender statute does not apply to his witness intimidation conviction because, at the time he committed the offense, he had been sentenced to only one

prison term. He contends that sentencing on his conviction for larceny over $500 was deferred because the trial justice did not specify the amount of prison time defendant would have to serve if he violated the terms of his probation. We decline defendant's invitation to revisit our decision in *Burke I.*

The defendant cannot avoid the result of *Burke I* by disguising his suspended sentence argument as a deferred sentencing agreement. In *Burke I,* 811 A.2d at 1169, we rejected "defendant's assertion that the statute is not applicable to him because he had served prison time on only one of the predicate felony convictions at the time he intimidated Deborah." As discussed above, defendant is barred from raising this issue a second time under principles of res judicata. Furthermore, we remain convinced that the trial justice handed down a suspended sentence for defendant's larceny conviction, for which he later was declared a probation violator and incarcerated. This satisfies the requirements of a predicate offense for purposes of the habitual offender statute.[5] *Id.*

## 2

### Right of Allocution

■ Lastly, defendant contends that the hearing justice erred by denying his motion to vacate the larceny sentence and, therefore, by denying his motion to correct the witness intimidation sentence. The defendant asserts that the larceny sentence should be vacated because he was denied his right of allocution. The hearing justice found that, under *State v. DeCiantis,* 813 A.2d 986, 991–92 (R.I.2003), defendant was time-barred from challenging his larceny conviction for lack of opportunity to allocute.[6] It is well settled that "[t]his Court reviews questions of law *de novo.*" *Boscia v. Sharples,* 860 A.2d 674, 679 (R.I. 2004) (citing *LePage v. Babcock,* 839 A.2d 1226, 1229 (R.I.2004)).

In *DeCiantis,* 813 A.2d at 991–92, we held that a motion justice erred in vacating a sentence based on the court's failure to afford the defendant his right of allocution. The defendant moved to correct his sentence approximately fifteen years after we affirmed his conviction. *Id.* at 988. Under Rule 35, an illegal sentence can be corrected at any time, but a court has a limited window in which to correct an illegally imposed sentence. *Id.* at 990. The reporter's notes to Rule 35 identifies a sentence imposed without affording the defendant the right of allocution as an example of an illegally imposed sentence. *Id.* at 991.

5. At the sentencing hearing for defendant's larceny conviction, the trial justice said that defendant was to be "placed upon a *ten-year suspended sentence.*" (Emphasis added.) He then confirmed that defendant understood the plea bargain. At the end of the hearing, the trial justice warned defendant:

"Mr. Burke, you have some ten years to persuade me that I have done the right thing this afternoon.
"* * *
"I'm going to direct the Clerk to put a note in each of these files to which you have entered guilty pleas that in the event you are ever detained or arrested, charged with a violation of the terms and conditions of

your probation and *suspended sentence,* that you are to be brought before me. * * * [I]f I'm reasonably satisfied that you have, in fact, violated the terms and conditions of your probation, I tell you, as surely as the sun sets in the West, that I'm going to send you to jail for a long time." (Emphasis added.)

6. We note that there is no issue with the timeliness of defendant's motion to reduce with respect to the sentence on appeal—his sentence for witness intimidation and enhanced penalty as a habitual offender. The defendant's motion to reduce was filed within 120 days of our affirmance of the sentence in *Burke I.*

■ This argument is but another attack on the defendant's habitual offender status. Under *DeCiantis*, as a matter of law, the defendant's remedy, after being sentenced for larceny over $500, purportedly without the opportunity to allocute, was a motion to correct the sentence within 120 days of its imposition. The defendant's motion to vacate the larceny sentence is untimely, and therefore, the court below properly denied it.[7] The attack is unsuccessful.

## IV

### Conclusion

For the reasons set forth herein, the order is affirmed, and the papers in the case are remanded to the Superior Court.

7. Moreover, we are not convinced that defendant was denied the right of allocution. As the hearing justice noted in denying defendant's motion to vacate his larceny sentence:
"[The trial justice] inquire[d], 'It is my understanding, Mr. Burke, that you will be placed upon a ten[-]year suspended sentence as to each of these two cases. Those sentences will run concurrently. In addition to the normal terms and conditions of your suspended sentence and probationary term, you will be required to make restitution in the amount of $1,200 to the victim in the larceny case. Do you understand that?' And the defendant responds: 'Yes, Your Honor.' Is that not impliedly a waiver of the right of allocution? Is that not the time for the defendant to say, 'But can't you do something less for me?' He's being invited to speak, isn't he?"