**STATE**

v.

**Roy DIEFENDERFER.**

No. 2010–30–C.A.

Supreme Court of Rhode Island.

Dec. 14, 2011.

Christopher R. Bush, Department of Attorney General, for State.

Janice M. Weisfeld, Office of the Public Defender, for Defendant.

Present: SUTTELL, C.J., GOLDBERG, FLAHERTY, ROBINSON, and INDEGLIA, JJ.

## OPINION

Chief Justice SUTTELL, for the Court.

The defendant, Roy Diefenderfer, appeals from a Superior Court order denying his motion to reduce his sentence. As grounds for his appeal, the defendant argues that the hearing justice—a different justice from the one who originally sentenced the defendant—did not apply the correct standard in denying the defendant's sentence-reduction motion. Specifically, the defendant asserts that the hearing justice erroneously applied the appellate standard of review. This case came before the Supreme Court pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not summarily be decided. After considering the parties' written and oral submissions and reviewing the record, we conclude that cause has not been shown and that this case may be decided without further briefing or argument. For the reasons set forth in this opinion, we vacate the order of the Superior Court and remand this case for a new hearing on the defendant's motion to reduce.

## I

### Facts and Procedural History

In April 2002,[1] defendant participated in a criminal subterfuge that involved setting up a fake jewelry store in a shopping plaza and arranging appointments with wholesale jewelry salesmen for the alleged purpose of stocking the store, with the actual purpose being to rob the unsuspecting salesmen upon their arrival. As the scheme unfolded, two victims were indeed robbed, bound and gagged, and kept in a closet, and a third victim narrowly escaped the same fate.

1. This Court detailed the facts of this case in *State v. Diefenderfer*, 970 A.2d 12, 16–23 (R.I. 2009), in which we denied defendant's direct appeal.

As a result of this venture, defendant was charged with two counts of first-degree robbery, three counts of conspiracy to commit robbery, two counts of kidnapping, one count of assault of a person over sixty years of age, and one count of larceny of a firearm. Two of defendant's accomplices, Elaine Thomas and William Thomas, testified against him at trial. On May 25, 2005, a jury convicted defendant on all charges except for larceny of a firearm, and on October 5, 2005, defendant received the following sentences, all of which were to run concurrently: (1) thirty years, with fifteen years to serve and the remainder suspended, with probation, for each robbery conviction; (2) ten years to serve for each conspiracy conviction; (3) twenty years, with ten years to serve and the remainder suspended, with probation, for each kidnapping conviction; and (4) five years to serve for the assault conviction. A judgment of conviction was entered on October 24, 2005.

The defendant appealed his convictions to this Court, but we found his claims of error unavailing and affirmed the Superior Court judgment on May 8, 2009. *State v. Diefenderfer*, 970 A.2d 12, 35 (R.I.2009). Thereafter, on September 3, 2009, defendant timely moved for a reduced sentence based on Rule 35(a) of the Superior Court Rules of Criminal Procedure.[2] In his motion, defendant urged that his sentence be reduced because of his good behavior at the Adult Correctional Institutions (ACI), the extreme hardship that his family has endured during his incarceration, and the lesser degree of guilt, vis-à-vis his accomplices, in the crimes for which he was sentenced.

A hearing on defendant's sentence-reduction motion was held on October 28, 2009. Presiding at the hearing was a different justice from the one who originally sentenced defendant.[3] At the hearing, defendant incorporated by reference and expanded upon the arguments that he outlined in his motion. Specifically, defendant argued that "the likelihood that [he] will be rehabilitated is excellent," given that he has not had any disciplinary infractions while incarcerated. The defendant also pointed out that he served twenty-five months in home confinement prior to his conviction "without a single problem." The defendant asserted that he had "no prior convictions" and a single "deferred sentence" that dated back twenty-six years and essentially amounted to being "young and stupid with [a] * * * drinking problem." In addition, defendant expressed remorse about his involvement in the criminal scheme. He explained that he agreed to participate only after William Thomas, his brother-in-law, told him that he was having mortgage problems and asked for his help, claiming that the scheme's backers would "break [Williams's] legs" if he did not follow through with it. The defendant argued that he was a minor player in this ruse—having become involved in it just two days before its execution—and that even the victims, during their trial testimony, "seemed to be trying to take as much blame away from [defendant] through their explanation of what happened." The defendant emphasized that despite his lesser degree of culpability vis-à-vis his accomplices, he received a longer

**2.** Rule 35(a) of the Superior Court Rules of Criminal Procedure states, in pertinent part, that the court "may reduce any sentence when a motion is filed within * * * one hundred and twenty (120) days after receipt by the court of a mandate of the Supreme Court

of Rhode Island issued upon affirmance of the judgment or dismissal of the appeal * * *."

**3.** The justice who originally sentenced defendant (sentencing justice) passed away prior to the filing of defendant's motion to reduce.

sentence than they did.[4]

In addition to delineating his arguments, defendant noted that the standard on a motion to reduce is "basically a plea for leniency." The defendant acknowledged that he was at a "disadvantage" on this motion because he was not facing the sentencing justice. Despite this, defendant urged that the hearing justice not simply defer to the sentence given by the sentencing justice, but rather the hearing justice should exercise his own discretion with respect to this motion, as if he had been the sentencing justice himself.

In objecting to defendant's motion, the state argued at the sentence-reduction hearing that even if the hearing justice "were to accept everything that the defendant has said * * * as true, it [did] not give [the hearing justice] the legal authority to adjust the defendant's sentence down." The state elaborated as follows:

"[The hearing justice] does not have, contrary to what the defense might argue, unfettered discretion to simply listen and reduce a sentence. The Rhode Island Supreme Court has said that although a Rule 35 motion is a plea for leniency, the Court cannot tinker with a sentence because [it may] simply * * * have sympathy for the defendant or the defendant has done well after his incarceration in the ACI."

The state then pointed out that this Court has maintained a strong policy against interfering with a trial justice's discretion in a sentencing matter. Citing *State v. Ferrara*, 818 A.2d 642 (R.I.2003), it stated that a sentence will only be interfered with "in rare instances when the trial justice has imposed a sentence that is without justification and is grossly disparate from other sentences generally imposed for similar

offenses." *Id.* at 644 (quoting *State v. Rossi*, 771 A.2d 906, 908 (R.I.2001) (mem.)). The state, further quoting from *Ferrara*, added that "[a] manifestly excessive sentence is defined as one which is 'disparate from sentence[s] generally imposed for similar offenses when the heavy sentence imposed is without justification.'" *Id.* (quoting *Rossi*, 771 A.2d at 908). The state asserted that it was defendant's burden to show that the sentence imposed violates this standard and that defendant failed to do so.

At the conclusion of the October 28, 2009 hearing, the hearing justice averred that the state "ha[d] set forth the standard * * * for a trial justice who did not preside at a trial." He noted that this was the standard "that this motion need[ed] to be judged in" and scheduled the entry of his decision for December 3, 2009.

On December 3, 2009, the hearing justice denied defendant's sentence-reduction motion. The hearing justice stated that after a review of the record, "[i]t appear[ed] that if there was a minor player in this particular incident, [defendant] was the most minor of the players." The hearing justice then stated, however, that although at the outset, the "relative culpability" argument "seemed very appealing," the sentencing justice "was aware of this precise argument on the day of the sentencing." After reviewing in detail the sentencing justice's comments at the sentencing proceeding, the hearing justice noted that a motion to reduce sentence "is essentially a plea for leniency." He then stated that the two cases submitted to him by the state, *State v. Morris*, 863 A.2d 1284 (R.I.2004), and *Ferrara*,

---

4. The defendant pointed out that William Thomas received ten years to serve and Elaine Thomas received two years to serve.

"stand for the proposition [that] there's a very strong policy against interfering with a trial justice's discretion in sentencing matters, and [that] the Supreme Court will only interfere in what they categorize, in their words, the instance where the sentence imposed is * * * without justification * * * [and] grossly disparate from the other sentences generally imposed for similar offenses."

The hearing justice noted that he could not "make a finding that the sentence is grossly disparate" or that it is "without justification." He went on to say that although he "fully underst[ood]" and was "somewhat impressed" with defendant's "relative culpability argument," he would not "speculate" about what the sentencing justice "might have done" in this situation.[5] According to the hearing justice, "it * * * appear[ed] to be unlawful for [him] to reduce [defendant's] sentence," but a parole board could "properly consider [the factors] in this particular matter." Saying that he took "no satisfaction" in doing so, the hearing justice denied defendant's sentence-reduction motion. The defendant appealed on December 8, 2009, and an order denying defendant's motion was entered on January 26, 2010.[6]

## II

## Standard of Review

■ A Rule 35 motion is "essentially a plea for leniency." *State v. Ruffner*, 5 A.3d 864, 867 (R.I.2010) (quoting *State v. Mendoza*, 958 A.2d 1159, 1161 (R.I.2008)). "The motion is addressed to the sound discretion of the trial justice, who may

grant it if he or she decides 'on reflection or on the basis of changed circumstances that the sentence originally imposed was, for any reason, unduly severe.'" *Id.* (quoting *Mendoza*, 958 A.2d at 1161).

"This Court has maintained a 'strong policy against interfering with a trial justice's discretion in sentencing matters,' and, therefore, we only will interfere with that discretion 'in rare instances when the trial justice has imposed a sentence that is without justification and is grossly disparate from other sentences generally imposed for similar offenses.'" *Id.* (quoting *State v. Coleman*, 984 A.2d 650, 654 (R.I.2009)).

Accordingly, "our review of a motion justice's ruling on a motion to correct pursuant to Rule 35 is limited." *Id.* (quoting *Curtis v. State*, 996 A.2d 601, 603–04 (R.I. 2010)). "It is the defendant's burden to show that the sentence imposed violates this standard." *State v. Snell*, 11 A.3d 97, 101 (R.I.2011) (quoting *Coleman*, 984 A.2d at 654).

## III

## Discussion

■ On appeal, defendant asserts that "at the urging of the [state]," the hearing justice "erroneously applied the appellate standard by which this Court reviews a trial justice's denial of a motion to reduce sentence." The defendant argues that the hearing justice instead should have stood in the sentencing justice's shoes and exercised discretion with respect to whether or not to grant leniency. According to de-

---

5. The hearing justice stated:

   "[I]f [the sentencing justice] was still alive he may reconsider and he may think perhaps he was a bit too angry, given that it was only some five months after that trial. Perhaps he may not have, but it's possible he may have rethought. But the job is not for me to speculate what [the sentencing justice] might have done."

6. Although defendant's notice of appeal was premature, it nevertheless was valid. *See State v. Chase*, 9 A.3d 1248, 1252 n. 2 (R.I. 2010); *Otero v. State*, 996 A.2d 667, 670 n. 3 (R.I.2010).

fendant, because the hearing justice was required to, but did not, exercise such discretion, the justice's order denying defendant's sentence-reduction motion should be vacated and the case remanded for a new hearing.

The state, in response, affirms that it "does not and cannot dispute that the [hearing justice] recited the appellate standard when [he] denied [defendant's] motion"; however, it asks us to look beyond this and uphold the hearing justice's order. Specifically, the state points out that the hearing justice correctly noted that "a Rule 35 motion constitute[s] a plea for leniency." Furthermore, the state argues that "the record compels the conclusion that the [hearing justice] properly denied [defendant's] motion to reduce sentence" because the justice familiarized himself with the case and "did [his] best to understand the [sentencing] justice's * * * decision." Finally, the state points out that "there were no changed circumstances to support the conclusion that [defendant's] sentence was unduly severe."

Upon a review of the record, we conclude that the hearing justice applied an incorrect standard in denying defendant's sentence-reduction motion. At the hearing on December 3, 2009, the hearing justice clearly outlined the standard that this Court applies when reviewing a denial of a sentence-reduction motion: Although he correctly noted that "a Rule 35 motion * * * is essentially a plea for leniency," he then cited *Morris* and *Ferrara*

"for the proposition [that] there's a very strong policy against interfering with a trial justice's discretion in sentencing matters, and [that] the Supreme Court will only interfere in what they categorize, in their words, the instance where the sentence imposed is * * * without justification * * * [and] grossly dispa-

rate from the other sentences generally imposed for similar offenses."

Then, instead of using his own discretion to decide whether, "on reflection or on the basis of changed circumstances," defendant's sentence should be reduced, the hearing justice erroneously applied the appellate standard of review. *Ruffner*, 5 A.3d at 867 (quoting *Mendoza*, 958 A.2d at 1161). In so doing, he found that defendant's sentence was not "grossly disparate" from other sentences generally imposed for similar offenses, and that it was not "without justification." Accordingly, the hearing justice denied the motion to reduce, stating that "it would appear to be unlawful" for him to do otherwise.

■■■ A Rule 35 motion to reduce, which "authorizes the [Superior C]ourt to reduce a lawful sentence," is premised upon the principle that "passage of time may find the sentencing judge in a more sympathetic or receptive frame of mind." *State v. Byrnes*, 456 A.2d 742, 744, 745 (R.I.1983) (quoting 8A *Moore's Federal Practice*, § 35.02 at 35–4, –5 (2d ed. 1982)). "[T]he motion assumes 'that the sentence is valid; the court is simply asked to reconsider its prior determination.'" *Id.* at 745 (quoting *Moore's Federal Practice*, § 35.02 at 35–4, –5). We previously have held that the discretion afforded to a trial court justice on a motion to reduce "is not discretion to ignore; the court must affirmatively exercise the discretion the law affords." *State v. Ferrara*, 748 A.2d 246, 248 (R.I.2000) (quoting *Garcia v. United States*, 542 A.2d 1237, 1241 (D.C.App. 1988)). More generally, this Court has opined that

"[w]here a question which calls for the exercise of judicial discretion is properly presented, it is the duty of the court to consider and determine that question so that the rights of the parties may be fairly protected in an orderly manner.

It is as much an abuse of judicial discretion in refusing to exercise such discretion when warranted by the facts before the court[,] as it is to exercise that discretion improperly by means of a decision that is clearly erroneous on the facts or under the law." *Strzebinska v. Jary,* 58 R.I. 496, 500, 193 A. 747, 749 (1937).

We previously have vacated an order of a trial justice when the justice erroneously applied an appellate standard of review. *See State v. McManus,* 950 A.2d 1180, 1181–82 (R.I.2008) (mem.) (vacating trial justice's order, which granted motion to dismiss District Court's findings, and remanding case to Superior Court because trial justice applied an incorrect standard, the appellate standard of review, in granting motion to dismiss). This Court also has vacated a judgment when the trial justice refused to exercise the discretion afforded to him by the law. *See Connecticut Valley Homes of East Lyme, Inc. v. Bardsley,* 867 A.2d 788, 794, 795 (R.I.2005) (judgment vacated because trial justice reopened case and then failed to exercise his "broad discretion" to consider merits of the defendant's affirmative defense).

It is unfortunate that in the case at hand, the sentencing justice had passed away and the responsibility of considering the defendant's Rule 35 motion perforce devolved upon a different Superior Court justice. Although the hearing justice carefully reviewed the original sentencing proceedings, he erroneously applied the appellate standard of review and thereby failed to exercise his own discretion. We deem this to be reversible error. Accordingly, we vacate the hearing justice's order denying the defendant's sentence-reduction motion and remand this case for a new hearing consistent with this opinion.

## IV

### Conclusion

For the reasons set forth in this opinion, we vacate the order of the Superior Court and remand this case for a new hearing on the defendant's motion to reduce.

