Jeffrey Pine, Atty. Gen., Andrew Berg, Sp. Asst. Atty. Gen., Aaron Weisman, Asst. Atty. Gen., for plaintiff.

Edward C. Roy, Jr., Roy & Cook, East Greenwich, for defendant.

### OPINION

PER CURIAM.

The defendant, Jose Flores, came before the Supreme Court pursuant to an order directing him to show cause why his appeal of the denial of his motions in Superior Court should not be summarily decided. The defendant sought a reduced sentence pursuant to Rule 35 of the Superior Court Rules of Criminal Procedure and sought postconviction relief.

After hearing the arguments of counsel on January 25, 1994, and after reviewing the memoranda submitted by the parties, we are of the opinion that cause has not been shown.

■ In denying defendant's motion to reduce his sentence because it was longer than that of his codefendants, the trial justice noted that it was defendant who was the "trigger man" in shooting "somebody's head off with a shotgun" when defendant and three codefendants entered an apartment to rob two alleged drug dealers. The justice pointed out that the sentences were proportional to the perpetrators' levels of "participation."

In *State v. Holley*, 623 A.2d 973, 974 (R.I. 1993), this court made clear that confederates in crime need not receive equal sen-

### STATE

### v.

### **Jose FLORES.**

### **No. 93–392–C.A.**

Supreme Court of Rhode Island.

Feb. 14, 1994.

tences, and given that defendant shot and killed the victim, the trial justice cannot be held to have erred in giving a disparate sentence to defendant. Moreover, this court disturbs a sentence "only in the exceptional case and always in the context of a strong policy against interference with the discretion exercised by the trial justice." *State v. Upham*, 439 A.2d 912, 913 (R.I.1982). The defendant asks that his "model prisoner" behavior while incarcerated be considered in reducing his sentence. This court has held that such information is relevant for the parole board's consideration, not the trial justice's. *See State v. O'Rourke*, 463 A.2d 1328, 1331 (R.I.1983).

In denying the defendant's motion for postconviction relief, the trial justice, with whom we concur, ruled that there was no basis for relief. At each stage, the defendant received the effective assistance of counsel. Furthermore, the defendant failed to establish or allege any of the bases for postconviction relief set forth in G.L.1956 (1985 Reenactment) § 10–9.1–1.

Consequently we deny and dismiss the appeal.