STATE

v.

Paul FURTADO.

No. 2000–44–C.A.

Supreme Court of Rhode Island.

June 20, 2001.

Aaron L. Weisman, Assistant Attorney General, Jane McSoley, Assistant Attorney General, For Plaintiff.

Andrew A. Bucci, Providence, For Defendant.

Present: WILLIAMS, C.J., LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

### OPINION

PER CURIAM.

The defendant, Paul Furtado, appeals from a Superior Court order denying his motion to reduce his sentence. The defendant was convicted of one count of malicious destruction of property in violation of G.L.1956 § 11–44–1 and G.L.1956 § 12–29–5 and one count of disorderly conduct in violation of G.L.1956 § 11–45–1 and

§ 12–29–5.[1] The court sentenced him to a one-year suspended sentence with probation on the destruction of property count and six months to serve on the disorderly conduct count. It also ordered the sentences to run consecutively. The charges stemmed from a domestic dispute with the defendant's former girlfriend.

After a prebriefing conference, a single justice of this Court ordered defendant to show cause why the issues raised in this appeal should not be summarily decided. Because he has not done so, we decide his appeal at this time.

On May 24, 1999, defendant filed a motion to reduce his sentence based on Rule 35 of the Superior Court Rules of Criminal Procedure. Specifically, he sought to reduce his sentence on the disorderly conduct count. At the hearing, he contended that his sentence was grossly disparate to sentences generally imposed for the same offenses. The trial justice denied defendant's motion and defendant appealed.

The defendant argues that the trial justice abused his discretion in refusing to reduce his sentence. He contends that there is a gross disparity between the sentence imposed in his case and those imposed in other similar cases. He also maintains that the sentence was manifestly excessive, without justification, and that the trial justice incorrectly applied the factors to be considered in sentencing him. In support of defendant's contention that his sentence was disproportionate to sentences generally imposed for similar offenses, he has provided us with a survey he compiled of sentences imposed for the charge of disorderly conduct. He contends that his survey shows that of 208 occurrences, there were only seven instances when a defendant was incarcerated for the charge of disorderly conduct. "All of those who received the disposition of jail had (1) a prior criminal history, and/or (2) were declared violators, and/or (3) were sentenced on connected felonies, and/or (4) were charged with felony grade domestic disorderly conduct," according to defendant.

■■■ A motion to reduce a sentence is essentially a plea for leniency. Such motions are within the discretion of the trial justice "and may be granted if the court decides on reflection or on the basis of changed circumstances that the sentence originally imposed was, for any reason, unduly severe." *State v. Byrnes,* 456 A.2d 742, 744–45 (R.I.1983). Our standard of review on appeals in these matters is extremely limited. *See State v. Giorgi,* 121 R.I. 280, 281, 397 A.2d 898, 899 (1979). We will modify or overturn a denial of a motion to reduce a sentence only when we conclude that the sentence is manifestly excessive. *See State v. Ouimette,* 479 A.2d 702, 704 (R.I.1984). A manifestly excessive sentence is defined as one which is "disparate from sentences generally imposed for similar offenses when the heavy sentence imposed is without justification." *Id.* The defendant bore the burden of showing that the sentence imposed violated this standard. *See State v. Gordon,* 539 A.2d 528, 530 (R.I.1988).

■■■ In determining a fair sentence, the trial justice considers various factors including: "[1] the severity of the crime, [2] the defendant's personal, educational, and employment background, [3] the potential for rehabilitation, [4] the element of social deterrence, and [5] the appropriateness of the punishment." *State v. Tiernan,* 645 A.2d 482, 484 (R.I.1994). "Most of these factors are multidimensional and require a

---

1. General Laws 1956 § 11–44–1 and G.L. 1956 § 11–45–1 are crimes enumerated in the Domestic Violence Prevention Act, in accordance with G.L.1956 § 12–29–2.

trial justice to reflect upon a variety of subsidiary factors." *Id.* at 485. For instance, a "defendant's giving of false testimony may be probative of his attitude toward society and consequently his prospects for rehabilitation." *Id.*

 Here, when the trial justice sentenced defendant, he was certainly mindful of defendant's willingness to lie under oath.[2] Thus, the court rejected the state's recommendation for a lighter sentence and stated:

> "I want you to understand, Mr. Furtado, that I do not take lightly to people coming into my courtroom and lying. And I am convinced that that is exactly what you did. And, Mr. Furtado, to make a statement to you, as well as to make a statement to anyone else who may be thinking about coming into my courtroom and giving patently false testimony, this Court is going to reject the recommendation of the State."

Despite the defendant's attempt to show that the sentence he received was disparate from other sentences imposed for similar offenses, he failed to meet his burden of showing that there was no justification for the sentence he ultimately received. *See, e.g., State v. Ortega,* 755 A.2d 841, 842–43 (R.I.2000) (mem.). In denying the defendant's motion to reduce his sentence, the trial justice properly reasoned that the defendant's sentence was justified given the fact that he had lied under oath. *See State v. Bertoldi,* 495 A.2d 247, 253 (R.I. 1985) ("[D]efendant's willingness to take the stand and lie * * * is most assuredly a probative and important piece of informa-

tion to consider when evaluating a defendant's prospects for rehabilitation."). Moreover, the sentence imposed upon the defendant was certainly within the statutory limitations. Therefore, however disparate it may be from sentences generally imposed for similar offenses, the sentence was not one that was beyond the power of the sentencing justice to impose, nor was it patently unjustified. Hence, the defendant has failed to establish that the trial justice abused his discretion in denying his motion to reduce his sentence.

For the foregoing reasons, we deny the defendant's appeal and affirm the Superior Court's judgment denying the motion to reduce the defendant's sentence.

<hr />

**2.** Although the full transcript of the trial testimony has not been provided to us on appeal, the record suggests that, despite testimony to the contrary, defendant testified at trial that he did not intentionally damage a door in his girlfriend's apartment during the alleged incident, alleging instead that he damaged the door weeks before when his girlfriend's son inadvertently locked himself in the bathroom. The defendant also denied during the trial to yelling obscenities at the victim and her sister during the incident. After the trial, however, during the sentencing hearing, defendant reluctantly acknowledged having committed these acts as alleged.