STATE

v.

Michael MENDOZA.

No. 2005–308–C.A.

Supreme Court of Rhode Island.

Nov. 5, 2008.

Aaron L. Weisman, Providence, for Plaintiff.

C. Daniel Schrock, for Defendant.

Present: WILLIAMS, C.J., GOLDBERG, FLAHERTY, SUTTELL, and ROBINSON, JJ.

## OPINION

Justice FLAHERTY, for the Court.

The defendant, Michael Mendoza, appeals from a Superior Court order denying his posttrial motion to reduce his sentence under Rule 35 of the Superior Court Rules of Criminal Procedure. The parties appeared for oral argument on September 22, 2008, pursuant to an order of this Court to show cause why the issues raised in this appeal should not summarily be decided without further briefing or argument. After considering the record, the memoranda submitted by the parties, and the oral arguments advanced by each, we are of the opinion that cause has not been shown and that the case should be decided at this time. For the reasons set forth in this opinion, we affirm the order of the Superior Court.

### Facts and Procedural History[1]

On Saturday, December 14, 1991, fifteen-year-old Erickson Diaz patronized the Conquistador Bar on Broad Street in Providence with Rufino Ramos and Luis Nunez. The three remained at the bar until its legal closing time. After leaving the bar, they drove to a house on America Street in Providence, where Michael Mendoza operated an after-hours drinking club, or "sip joint." While Nunez parked the car, Ramos and Diaz entered the club. At the same time, Alexis Abreu, who had just been involved in a fight inside, began his fateful exit from the establishment. Ramos, an acquaintance of Abreu, decided to follow Abreu outside. Diaz trailed the two men on the front porch of the building when Abreu, who was visibly upset, turned and fired at least four gunshots into the club. Mendoza quickly appeared at the club's entrance holding a gun. Apparently sensing imminent gunfire, Abreu, Ramos, and Diaz ran away from the building. Mendoza, standing on the porch, fired in Abreu's direction, but a bullet felled Diaz instead. Nunez arrived at the scene after parking the car, just as Mendoza was firing in the direction of Abreu, Ramos, and Diaz. Nunez crawled into the club to seek safety. Abreu and Ramos fled unharmed; Diaz, however, was not as fortunate, and he died at the scene of the shooting, the result of a .357–caliber Magnum bullet wound in his back. Later, at Providence police headquarters, Nunez identified Mendoza as the person who fired the fatal shot from the front porch of the club.

After a jury found Mendoza guilty of second-degree murder, the trial justice sentenced him to life imprisonment for killing Diaz. Mendoza appealed his conviction to this Court, but we affirmed. *State v. Mendoza,* 709 A.2d 1030, 1038 (R.I.1998). Mendoza then filed a motion to reduce sentence to a term of years pursuant to Rule 35.[2] To support his motion, Mendoza argued that he acted impul-

---

1. Since this case follows Mendoza's earlier direct appeal of his conviction, we will limit our discussion of the facts only to those necessary to decide the issues before us. See *State v. Mendoza,* 709 A.2d 1030 (R.I.1998), for a full recitation of the facts.

2. Rule 35(a) of the Superior Court Rules of Criminal Procedure states in relevant part: "The court may correct an illegal sentence at any time. The court may correct a sentence imposed in an illegal manner and it may reduce any sentence when a motion is filed within one hundred and twenty (120) days after the sentence is imposed, or within one hundred and twenty (120) days after receipt by the court of a mandate of the Supreme Court of Rhode Island issued upon affirmance of the judgment or dismissal of the appeal, or within one hundred and twenty (120) days after receipt by the court of a mandate or order of the Supreme Court of the United States issued upon affirmance of the judgment, dismissal of the appeal, or denial of a writ of certiorari."

sively rather than with premeditation when he killed Diaz. He also presented the court with a list of defendants that were sentenced to a term of years for second-degree murder rather than life imprisonment. Lastly, he emphasized his involvement in certain enrichment programs conducted at the Adult Correctional Institutions, his good behavior as an inmate, and his family's hardship because of his incarceration and life sentence. However, the trial justice was not moved by these arguments, and he denied Mendoza's motion to reduce sentence. Mendoza timely appealed; however, he also filed a *pro se* motion for reconsideration of his motion to reduce sentence and an objection to the state's response to the motion to reduce sentence. The trial justice denied the motion for reconsideration on July 11, 2001.[3]

### Standard of Review

A motion to reduce sentence under Rule 35 is "essentially a plea for leniency." *State v. Burke*, 876 A.2d 1109,

1112 (R.I.2005) (quoting *State v. Ferrara*, 818 A.2d 642, 644 (R.I.2003)). The motion is addressed to the sound discretion of the trial justice, who may grant it if he or she decides "on reflection or on the basis of changed circumstances that the sentence originally imposed was, for any reason, unduly severe." *State v. Furtado*, 774 A.2d 38, 39 (R.I.2001) (quoting *State v. Byrnes*, 456 A.2d 742, 744–45 (R.I.1983)). This Court's standard of review on appeals of the denial of a motion to reduce sentence is "extremely limited," *id.* at 39, because we have a "strong policy against interfering with a trial justice's discretion in sentencing matters." *State v. Tavera*, 936 A.2d 599, 600 (R.I.2007) (mem.) (quoting *Ferrara*, 818 A.2d at 644). We will not interfere with a trial justice's decision when ruling on a Rule 35 motion, "except 'in rare instances when' the sentence imposed is one 'without justification and is grossly disparate from other sentences generally imposed for similar offenses.'" *Burke*, 876 A.2d at 1112 (quoting *State v. Morris*, 863 A.2d 1284, 1287 (R.I.2004)).

3. This appeal had a somewhat serpentine procedural travel, which is evidenced by the three separate docket numbers assigned to it over the years. The first, No. 2001–494–C.A., was assigned to the case when Mendoza first appealed in October 2001. This Court appointed counsel for Mendoza in March 2002; however, no further action was taken on the appeal until May 2005, when new counsel was appointed and this Court designated the case as No. 2005–119–C.A. This action closed docket No. 2001–494–C.A. For some reason, docket No. 2005–308–C.A., which currently is before this Court, was assigned to this case on November 8, 2005, when the Superior Court transferred the papers to this Court. The two docket numbers never were formally consolidated. On December 5, 2005, this Court entered an order granting Mendoza's motion to hold the case in abeyance pending the conclusion of proceedings that he intended to initiate to correct the record in the Superior Court. It appears that on January 17, 2006, Mendoza attempted to file a *pro se* motion to correct the record in

the Superior Court by mailing it to the Attorney General's office. This motion does not appear on the Superior Court docket sheet; however, Mendoza included what purported to be a copy of the motion that was unstamped by the clerk in an appendix to a later *pro se* filing in this Court. Around eight months later, Mendoza filed a petition for a writ of mandamus with this Court to require the Superior Court to hear and decide his motion to correct the record. However, on December 13, 2006, the Superior Court held a hearing on the motion to correct the record, but the trial justice denied the motion. Therefore, this Court denied Mendoza's petition by order dated March 12, 2007, because the Superior Court previously heard and decided the motion. This was the last entry on docket No. 2005–119–C.A., and there is nothing before us today concerning that docket number. We therefore hold this matter to be resolved. Later, we granted Mendoza's motion to expand the record to include the thirty-one-page transcript from the hearing on December 13, 2006.

The defendant has "the burden of showing that the sentence imposed violated this standard." *Furtado,* 774 A.2d at 39.

### Analysis

■ Mendoza argues that his sentence should be reduced because it was without justification and grossly disparate from other sentences for similar offenses. He also contends that the trial justice further erred because he failed to consider the nature and circumstances of the offense and the quality and sufficiency of the evidence at trial. Lastly, Mendoza attempts to revisit his argument from his motion to correct the record that the prior proceedings in this case contain "prejudicial assertions and inaccuracies." After a thorough review of the record in this case, we hold that Mendoza has not met his burden of showing that his sentence should be reduced or that the trial justice abused his discretion when he denied the motion.

Although he recognizes that his actions were unlawful, Mendoza contends that his sentence was not justified because he did not initiate the incident that culminated with homicide, and the killing of Diaz was not premeditated. He argues that this distinguishes his case from those in which the defendant demonstrated a premeditated intention to kill. We do not agree with Mendoza's argument that the sentence he received was without justification. In the order denying Mendoza's motion to reduce sentence, the trial justice reiterated his sentiments from the original sentencing:

"Because of your foul and malevolent conduct a young, defenseless boy is dead, and a family is devastated. No sentence imposed can resurrect the life of that young boy, nor will it ever relieve the anguish and pain that you have inflicted upon his family. There is no compelling evidence or information before me which, in any way, can mitigate the horror that you have caused by your criminal misconduct.

"Based upon your sordid history of criminal misconduct during the past several years, based upon the magnitude and enormity of the offense for which you now stand convicted, it is the judgment of this Court, Mr. Mendoza, that you be sentenced to life in prison."

This Court is "loathe to interfere with a trial justice's discretionary resolution of a Rule 35 motion except 'in the rarest of cases' when the sentence is without justification." *State v. Smith,* 676 A.2d 765, 767 (R.I.1996) (quoting *State v. Tiernan,* 645 A.2d 482, 484 (R.I.1994)). In this instance, given the nature of Mendoza's crime, and our strong reluctance to interfere with the sentencing decision of a trial justice, we believe that this defendant has failed to meet his burden of establishing that his sentence was without justification.

■ Because Mendoza has failed to carry his burden on the "justification" issue, there is no need for us to reach his remaining claim regarding the disparity between his sentence and those imposed on others for second-degree murder. *See Morris,* 863 A.2d at 1289. A trial justice is bound only by the statutory limits when reaching a sentencing decision. *Id.* There is no dispute that Mendoza's sentence was within these limitations.[4] *See*

---

4. Mendoza provided this Court with a list of cases in which defendants received a term of years for second-degree murder, instead of the life imprisonment imposed on him. Such a comparison, however, is not adequate for Mendoza to meet the heavy burden that he bears. "[E]very sentencing presents different and potentially unique circumstances * * *." *State v. Morris,* 863 A.2d 1284, 1288 (R.I. 2004) (quoting *State v. Ballard,* 699 A.2d 14, 16 (R.I.1997)). Therefore, "any comparison of sentences can be misleading, especially if

G.L. 1956 § 11–23–2 ("Every person guilty of murder in the second degree shall be imprisoned for not less than ten (10) years and may be imprisoned for life."). When the trial justice heard the motion to reduce sentence and reviewed his original sentencing decision, he concluded that there were no mitigating circumstances warranting a sentence reduction. Instead, he focused on the impact Mendoza's actions had on Diaz's family. In our opinion, Mendoza failed to establish that the trial justice abused his discretion when he denied the motion to reduce sentence.

■ Mendoza also contended that the trial justice should have considered the nature and circumstances of the offense and the sufficiency and weight of the evidence presented at trial when he considered Mendoza's motion to reduce sentence. But in our opinion, the trial justice did consider the nature and circumstances of the offense, and he ruled that the sentence was justified and should not be reduced. Furthermore, Mendoza's argument that the trial justice should have considered the quality and sufficiency of the evidence presented at trial is misplaced. A motion to reduce sentence is not the correct forum for challenging the sufficiency or quality of the state's evidence. *See State v. Levitt,* 121 R.I. 77, 78–79, 395 A.2d 715, 716 (1978) (the defendant's challenge to a victim's credibility was of "little assistance" in considering a motion to reduce sentence). In Mendoza's direct appeal, this Court determined that when the trial justice decided the motion for a new trial, he properly concluded that the credibility of witnesses at trial was a factual issue for the jury to decide and that reasonable minds could differ on that issue.[5] *Mendoza,* 709 A.2d at 1036–37.

## Conclusion

We affirm the order of the Superior Court. The papers in this case are remanded to the Superior Court.

---

too much reliance is placed on this one factor in assessing whether a sentencing justice was justified * * *." *Id.* However disparate Mendoza's sentence may or may not be from those generally imposed for similar offenses, "the sentence was not one that was beyond the power of the sentencing justice to impose, nor was it patently unjustified." *State v. Furtado,* 774 A.2d 38, 40 (R.I.2001).

5. Lastly, in a *pro se* "addendum/statement in support of [defendant's] appeal of sentence reduction denial," Mendoza revisited his arguments to support his motion to correct the record. That motion, however, was denied by the Superior Court and was not appealed to this Court.