STATE

v.

**Jack RUFFNER.**

No. 2009–99–C.A.

Supreme Court of Rhode Island.

Oct. 20, 2010.

Jane M. McSoley, Department of Attorney General, for State.

Paula Rosin, Office of the Public Defender, for Defendant.

Present: SUTTELL, C.J., GOLDBERG, FLAHERTY, ROBINSON, and INDEGLIA, JJ.

## OPINION

Justice INDEGLIA, for the Court.

Jack Ruffner (defendant or Ruffner) appeals from an order denying his motion to reduce his sentence under Rule 35 of the Superior Court Rules of Criminal Procedure. He seeks review before this Court of the trial justice's decision to reserve for the parole board's consideration the defendant's rehabilitative efforts while incarcerated. This case came before the Supreme Court for oral argument on September 28, 2010, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not summarily be decided. After hearing the parties' arguments and considering memoranda submitted by counsel, we are satis-

fied that cause has not been shown, and we proceed to decide the appeal at this time without further briefing or argument. For the reasons set forth in this opinion, we affirm the order of the Superior Court.

I

Facts and Travel

On an August evening in 2002, Ruffner and Clarkie "Pete" Smith, who were acquaintances, "scuffled" twice in their Providence neighborhood.[1] *State v. Ruffner*, 911 A.2d 680, 682–83 (R.I.2006). The second altercation ended when "defendant struck * * * Smith in the head with a wooden table leg, and left him lying face down, unconscious, on the sidewalk." *Id.* Smith died five days later "from skull fractures and brain injuries caused by blunt force trauma." *Id.* at 683.

On June 1, 2004, a jury convicted defendant of second-degree murder in the death of Smith. On August 26, 2004, the trial justice denied Ruffner's motion for a new trial and sentenced him to life in prison. The defendant appealed his conviction to this Court, and we affirmed the judgment of conviction on December 15, 2006.[2] *Ruffner*, 911 A.2d at 690.

Ruffner then timely moved for a reduced sentence based on Rule 35.[3] Based on memoranda only, and without a hearing, the trial justice denied defendant's motion on June 22, 2007. Ruffner appealed the denial of his motion for a reduced sentence on the ground that the trial justice erred when he did not hold a hearing on the motion. This Court agreed with defendant and, on October 15, 2008, we vacated the order denying the Rule 35 motion and remanded the case to the Superior Court for a hearing and reconsideration of the motion.

In accordance with this Court's order, defendant's motion was heard before the trial justice on December 1, 2008. Counsel for Ruffner argued at the hearing that the life sentence imposed was not "appropriate" because of the "history" between defendant and the victim leading up to that fateful evening. Ruffner elaborated on his personal history in his memorandum supporting his motion to reduce in which he claimed "the ability and inclination to rehabilitate himself and become a useful and productive member of society if given the chance." Additionally, defendant provided the trial justice with his high school equivalency diploma (GED) and the certificates of achievement that he had earned while

---

1. The facts of this case are set forth in detail in this Court's opinion of *State v. Ruffner*, 911 A.2d 680 (R.I.2006), in which we denied defendant's direct appeal.

2. On January 10, 2007, this Court entered an order denying defendant's petition for reargument and reconsideration.

3. Rule 35(a) of the Superior Court Rules of Criminal Procedure provides:

   "(a) *Correction or reduction of sentence.* The court may correct an illegal sentence at any time. The court may correct a sentence imposed in an illegal manner and it may reduce any sentence when a motion is filed within one hundred and twenty (120) days after the sentence is imposed, or within one hundred and twenty (120) days after

receipt by the court of a mandate of the Supreme Court of Rhode Island issued upon affirmance of the judgment or dismissal of the appeal, or within one hundred and twenty (120) days after receipt by the court of a mandate or order of the Supreme Court of the United States issued upon affirmance of the judgment, dismissal of the appeal, or denial of a writ of certiorari. The court shall act on the motion within a reasonable time, provided that any delay by the court in ruling on the motion shall not prejudice the movant. The court may reduce a sentence, the execution of which has been suspended, upon revocation of probation."

incarcerated in an effort to demonstrate that he had endeavored "to avail himself of every opportunity while in prison to better himself." Specifically, Ruffner submitted certificates that he received for his work as a press operator in the print shop, for his participation in an anger management class, and for his completion of a course in legal research. The defendant also submitted documentation that indicated that his requests to participate in several other courses were denied because they were fully enrolled.

The defendant addressed the court at the hearing. He expressed remorse for his actions, but also suggested that one of the state's witnesses "might have * * * lied on the stand." Ruffner concluded his statement by "asking that the [c]ourt show leniency with [his] sentence." In response, the state argued that the sentence was appropriate and that defendant's participation in programs and courses and good behavior while incarcerated will "inure to his benefit * * * when he's eligible for parole." The state further argued that defendant continued to fail "to accept responsibility for his actions" as illustrated by his assertion that a state witness may not have been truthful during his trial.

The trial justice commended Ruffner for "tak[ing] advantage of some of the rehabilitative programs in the prison" and for staying out of trouble while incarcerated. However, he did not give defendant any "credit" for this good behavior and cited to defendant's misbehavior prior to his incarceration for this offense, which included "three prior felonies" and an "assortment of misdemeanors." The trial justice left consideration of defendant's good behavior and participation in programs and classes while in prison to the parole board. He stated:

> "If you acted in conformity with the rules and regulations of the prison, as you seem to have, those are matters for the [p]arole [b]oard. To the extent that you have taken advantage of programs that they've offered to you, that's good, but the [p]arole [b]oard can consider it. At this point, that's not a persuasive reason in my mind to recalibrate your sentence for having beaten a man to death and lied about it at trial."

The trial justice then denied defendant's Rule 35 motion. Ruffner filed a notice of appeal with this Court on December 2, 2008.[4]

## II

### Issue on Appeal

The sole issue presented on appeal is whether the trial justice erred when he denied defendant's Rule 35 motion.[5] In particular, defendant faults the trial justice for "taking the position that none of the information concerning Mr. Ruffner's rehabilitative efforts at the Adult Correctional Institutions (ACI) was relevant to" the motion for a reduced sentence. The state argues that the trial justice "properly exercised his discretion when he elected to leave consideration of Ruffner's positive efforts at the prison to the [p]arole [b]oard."

---

4. The defendant's notice of appeal was prematurely filed because the trial justice's order was not entered until February 10, 2009. However, "[t]his Court has stated that it will treat a premature appeal as timely filed." *Ballard v. State*, 983 A.2d 264, 266 n. 2 (R.I. 2009) (citing *State v. Diefenderfer*, 970 A.2d 12, 23 n. 24 (R.I.2009)).

5. Although Ruffner unsuccessfully raised the issue of his loss of ability to support his family because of incarceration as an argument in favor of a more lenient sentence at the Rule 35 hearing, this issue, understandably so, was not argued before this Court.

## III

### Standard of Review

■ "A motion to reduce sentence under Rule 35 is 'essentially a plea for leniency.'" *State v. Mendoza,* 958 A.2d 1159, 1161 (R.I.2008) (quoting *State v. Burke,* 876 A.2d 1109, 1112 (R.I.2005)). "The motion is addressed to the sound discretion of the trial justice, who may grant it if he or she decides 'on reflection or on the basis of changed circumstances that the sentence originally imposed was, for any reason, unduly severe.'" *Id.* (quoting *State v. Furtado,* 774 A.2d 38, 39 (R.I.2001)). "This Court has maintained a 'strong policy against interfering with a trial justice's discretion in sentencing matters,' and, therefore, we only will interfere with that discretion 'in rare instances when the trial justice has imposed a sentence that is without justification and is grossly disparate from other sentences generally imposed for similar offenses.'" *State v. Coleman,* 984 A.2d 650, 654 (R.I.2009) (quoting *State v. Rossi,* 771 A.2d 906, 908 (R.I.2001) (mem.)). Thus, "our review of a motion justice's ruling on a motion to correct pursuant to Rule 35 is limited." *Curtis v. State,* 996 A.2d 601, 603–04 (R.I.2010) (quoting *State v. Goncalves,* 941 A.2d 842, 847 (R.I.2008)).

## IV

### Discussion

■ A trial justice considers a number of factors when determining a fair sentence including the defendant's potential for rehabilitation. *State v. Collins,* 714 A.2d 610, 610 (R.I.1998) (mem.) (citing *State v. Brigham,* 666 A.2d 405, 406 (R.I. 1995)); *see State v. Thornton,* 800 A.2d 1016, 1044–45 (R.I.2002) (noting that the trial justice considered the defendant's potential for rehabilitation when ruling on the defendant's Rule 35 motion). The de-fendant asserts that the trial justice did not consider defendant's participation in rehabilitative programs at the ACI and that those problems were relevant to his potential for rehabilitation. In fact, however, the record reveals that the trial justice did consider defendant's rehabilitative efforts when he ruled on defendant's motion to reduce his sentence. Therefore, in our view, the trial justice did not abuse his discretion when he denied defendant's Rule 35 motion, and, mindful of our limited review, we decline to disturb the trial justice's ruling on appeal.

Although the trial justice recognized the benefit of defendant's having "taken advantage of programs that they've offered to you," he concluded that "[a]t this point, that's not a persuasive reason in my mind to recalibrate your sentence for having beaten a man to death and lied about it." The trial justice noted the "egregious" nature of defendant's crime and his "prior transgressions" outside of prison. He stated to Ruffner that "civilized society needs to be protected from the likes of you." Thus, the trial justice did consider defendant's rehabilitative efforts, but was not persuaded that the three certificates of completion and achievement, the requests to participate in several other classes, and the GED warranted a sentence reduction in light of the severity of defendant's past conduct, which the trial justice believed rendered defendant's future quite uncertain. Consequently, defendant has not met his burden to prove that his sentence of life imprisonment for his conviction of second-degree murder was unjustified and "grossly disparate from other sentences generally imposed for similar offenses." *Mendoza,* 958 A.2d at 1161, 1162 ("A trial justice is bound only by the statutory limits when reaching a sentencing decision."); *see* G.L.1956 § 11–23–2 ("Every person guilty of murder in the second degree shall

be imprisoned for not less than ten (10) years and may be imprisoned for life."); *see, e.g., State v. Lambert,* 705 A.2d 957, 959 (R.I.1997) (noting that the defendant was sentenced to life imprisonment for second-degree murder conviction).

Additionally, we cannot say that the trial justice abused his discretion when he left consideration of the defendant's good behavior and rehabilitative efforts while in prison to the parole board. *See Thornton,* 800 A.2d at 1045 (holding that the trial justice did not err when he concluded that "the parole board, rather than the court, should assess the quality of [the defendant's] claimed rehabilitation") (citing *State v. Mollicone,* 746 A.2d 135, 138 (R.I. 2000) and *State v. Flores,* 637 A.2d 366, 367 (R.I.1994)); *Mollicone,* 746 A.2d at 138 (holding that the trial justice correctly denied the defendant's Rule 35 motion where the trial justice "noted that [the] defendant's cooperation with law enforcement officials may be properly considered in the future by the parole board, but was not a factor that justified reducing his sentence"). Ruffner's "demeanor and conduct in prison since the crime are of no moment to this appeal. Appropriate prison behavior is expected of all inmates * * *." *State v. Guzman,* 794 A.2d 474, 476 (R.I. 2002) (citing *State v. Upham,* 439 A.2d 912, 914 (R.I.1982)). Even " 'model prisoner' behavior * * * is relevant for the parole

board's consideration, not the trial justice's." *Flores,* 637 A.2d at 367 (declining to disturb denial of Rule 35 motion on appeal) (citing *State v. O'Rourke,* 463 A.2d 1328, 1331 (R.I.1983)). Therefore, the trial justice appropriately reserved consideration of the defendant's good behavior and rehabilitative efforts for the parole board because "the parole board * * * is in a better position to evaluate a defendant's progress while in prison." *O'Rourke,* 463 A.2d at 1331. While we share the trial justice's view that Ruffner's participation in several programs at the ACI and completion of his GED is commendable, we conclude that the trial justice acted well within his discretion when he found the defendant's arguments unpersuasive.[6]

## V

### Conclusion

For the reasons set forth in this opinion, we affirm the order of the Superior Court and remand the papers in this case to that tribunal.

---

6. We have reviewed the cases from other jurisdictions that defendant cites in his supplemental memorandum to this Court in support of his argument that the trial justice abused his discretion when he denied defendant's Rule 35 motion, and we likewise find them unpersuasive.