STATE

v.

CHHOY HAK.

No. 2010–126–C.A.

Supreme Court of Rhode Island.

Nov. 3, 2011.

Virginia M. McGinn, Department of Attorney General, for State.

Marie T. Roebuck, Office of the Public Defender, for defendant.

Present: SUTTELL, C.J., GOLDBERG, FLAHERTY, ROBINSON, and INDEGLIA, JJ.

## OPINION

Justice FLAHERTY, for the Court.

In September 2003, a Superior Court jury found the defendant, Chhoy Hak, guilty of four counts of first-degree child molestation in violation of G.L.1956 § 11–37–8.1 and two counts of second-degree child molestation in violation of § 11–37–

8.3. On October 6, 2003, the trial justice denied the defendant's motion for a new trial and sentenced him to a total of forty years imprisonment at the Adult Correctional Institutions, with twenty years to serve and twenty years suspended, with probation. This Court affirmed the defendant's conviction on January 28, 2009. *See State v. Hak,* 963 A.2d 921 (R.I.2009). On April 15, 2009, the defendant filed a *pro se* motion to reduce his sentence under the provisions of Rule 35 of the Superior Court Rules of Criminal Procedure, which motion the trial justice denied on October 21, 2009.[1] The defendant timely appealed to this Court.

On September 27, 2011, the parties appeared before the Court for oral argument based on an order directing the parties to show cause why the issues raised by defendant's appeal should not be decided summarily without further briefing or argument. After considering the record, the memoranda submitted by the parties, and the oral arguments advanced by each, we are of the opinion that cause has not been shown and that the appeal should be decided at this time. For the reasons set forth in this opinion, we affirm the judgment of the Superior Court.

### Standard of Review

"A motion to reduce sentence under Rule 35 is 'essentially a plea for leniency.'" *State v. Ruffner,* 5 A.3d 864, 867 (R.I.2010) (quoting *State v. Mendoza,* 958 A.2d 1159, 1161 (R.I.2008)). "The motion is addressed to the sound discretion of the trial justice, who may grant it if he or she decides 'on reflection or on the basis of changed circumstances that the sentence originally imposed was, for any reason, unduly severe.'" *Mendoza,* 958 A.2d at 1161 (quoting *State v. Furtado,* 774 A.2d

---

1. The defendant filed his motion *pro se,* but was represented by counsel both at his motion hearing before the Superior Court and during his appeal before this Court.

38, 39 (R.I.2001)). This Court consistently has followed a "strong policy against interfering with a trial justice's discretion in sentencing matters." *State v. Tavera,* 936 A.2d 599, 600 (R.I.2007) (mem.) (quoting *State v. Ferrara,* 818 A.2d 642, 644 (R.I. 2003)). Accordingly, our review of a trial justice's denial of a motion to reduce sentence is "extremely limited," *Furtado,* 774 A.2d at 39, and we will disturb his decision only " 'in rare instances when' the sentence imposed is one 'without justification and is grossly disparate from other sentences generally imposed for similar offenses.' " *State v. Burke,* 876 A.2d 1109, 1112 (R.I. 2005) (quoting *State v. Morris,* 863 A.2d 1284, 1287 (R.I.2004)). "The defendant has 'the burden of showing that the sentence imposed violated this standard.' " *Mendoza,* 958 A.2d at 1162 (quoting *Furtado,* 774 A.2d at 39).

## Analysis

Relying solely upon the length of his sentence, defendant contends that the trial justice "could not have considered" the mitigating factors that he argued during his motion-to-reduce hearing. These factors included the "exceptional circumstances" surrounding defendant's escape from Cambodia during the horrific reign of the Khmer Rouge, the fact that United States Immigration and Customs Enforcement has issued a detainer against him, and defendant's good behavior during the time he has been incarcerated. After thoroughly reviewing the record and considering the arguments advanced by counsel, we hold that defendant has failed to demonstrate that the trial justice abused his discretion when he denied his motion to reduce his sentence.

The defendant's argument that the trial justice "could not have considered" his painful personal narrative in light of the sentence imposed is simply devoid of support in the record. When he imposes a sentence on a criminal defendant, a trial justice considers a variety of factors, including the severity of the offense, the defendant's personal, educational, and employment background, the potential for rehabilitation, societal deterrence, and the appropriateness of punishment. *See State v. Tiernan,* 645 A.2d 482, 484 (R.I.1994). During the hearing on defendant's motion, counsel provided a moving account of Mr. Hak's escape from one of history's most savage political regimes.[2] In response, the trial justice recalled that he had a "vivid recollection of the trial that took place in this matter" and a "very vivid" memory of Mr. Hak's trial counsel arguing "quite persuasively * * * about Mr. Hak's past and about Mr. Hak's experience as a Cambodian refugee fleeing Cambodia in the advance of Pol Pot's ruthless [decimation] of the Cambodian citizens." The trial justice acknowledged the enormity of the horrors of the killing fields, finding them to be one of the "grossest atrocities ever committed by one man against another man. It rivals only the Holocaust." But counterbalancing defendant's argument about his personal circumstances was the trial justice's recollection of the "quite emotional" testimony of the complaining witnesses as they described the acts committed against them by defendant and the severity of defendant's crimes.

This Court is "loath to interfere with a trial justice's discretionary resolu-

---

2. "The Cambodian genocide of 1975–1979, in which approximately 1.7 million people lost their lives (21% of the country's population), was one of the worst human tragedies of the last century. * * * [T]he Khmer Rouge regime headed by Pol Pot combined extremist ideology with ethnic animosity and a diabolical disregard for human life to produce repression, misery, and murder on a massive scale." Cambodian Genocide Program, Yale University, *The CGP, 1994–2011,* http://www.yale.edu/cgp/ (last visited Oct. 18, 2011).

tion of a Rule 35 motion * * *." *Mendoza*, 958 A.2d at 1162 (quoting *State v. Smith*, 676 A.2d 765, 767 (R.I.1996)). Moreover, we have held that "the power [to reduce a sentence] should be exercised only when the sentence is without justification *and* grossly disparate from sentences generally imposed for similar offenses." *State v. Giorgi*, 121 R.I. 280, 282, 397 A.2d 898, 899 (1979) (emphasis added). The record illuminates that the trial justice thoughtfully considered defendant's past, but that he ultimately found his argument unconvincing. Additionally, the sentence imposed was well below the maximum penalty that the trial justice could have meted out. *See* § 11–37–8.2 ("Every person who shall commit first degree child molestation sexual assault shall be imprisoned for a period of not less than twenty (20) years and may be imprisoned for life."); § 11–37–8.4 ("Every person who shall commit second degree child molestation sexual assault shall be imprisoned for not less than six (6) years nor more than thirty (30) years."). In our opinion, the trial justice did not fail to exercise sound discretion when he declined to reduce defendant's sentence based on the circumstances of his immigration to the United States. The record is clear that the trial justice took those circumstances into consideration when he imposed defendant's sentence after trial.

■ The defendant next argues that the trial justice abused his discretion because he knew that defendant will be subject to a federal immigration detainer when he is released from state custody. He contends that because of the detainer, "there are no guarantees that [he] will ever leave federal custody because Cambodia may never accept him back." An immigration detainer is merely an official request from United States Immigration and Customs Enforcement to a state law enforcement agency that asks the state agency to notify federal authorities before releasing an individual, so that immigration authorities can arrange to take custody of him. *See* 8 C.F.R. § 287.7(a) (2011). The detainer requests that the state hold the individual for an additional forty-eight hours. *See id.* at § 287.7(d). Accordingly, in our view, defendant's assertion that he may be subject to indefinite detention as a result of his conviction is wholly speculative, and we agree with the trial justice that the existence of an immigration detainer is "a collateral matter for a different authority."

■ Lastly, the defendant argued at his motion hearing that the trial justice should have considered his good behavior and participation in rehabilitative programs when he decided whether to reduce his sentence. However, we have held that the parole board, rather than the trial justice, "is in a better position to evaluate a defendant's progress while in prison." *Ruffner*, 5 A.3d at 868 (quoting *State v. O'Rourke*, 463 A.2d 1328, 1331 (R.I.1983)); *see also State v. Guzman*, 794 A.2d 474, 476 (R.I. 2002) ("[D]emeanor and conduct in prison since the crime are of no moment to this appeal. Appropriate prison behavior is expected of all inmates * * *."). Although a defendant's participation in rehabilitative programs while he is incarcerated is laudable, "the parole board, rather than the [trial] court, should assess the quality of [the defendant's] claimed rehabilitation." *State v. Thornton*, 800 A.2d 1016, 1045 (R.I.2002). Thus, the trial justice did not abuse his discretion by reserving consideration of this factor for that body.

### Conclusion

We affirm the judgment of the Superior Court. The papers in this case are remanded to the Superior Court.