**STATE**

**v.**

**Timothy SCANLON.**

**No. 2010–399–C.A.**

Supreme Court of Rhode Island.

Nov. 4, 2011.

Jane M. McSoley, Department of Attorney General, for State.

Janice M. Weisfeld, Office of the Public Defender, for Defendant.

Present: SUTTELL, C.J., GOLDBERG, FLAHERTY, ROBINSON, and INDEGLIA, JJ.

## OPINION

Justice ROBINSON, for the Court.

The defendant, Timothy Scanlon, appeals from a Superior Court order denying his motion to reduce his sentence, which motion was filed pursuant to Rule 35(a) of the Superior Court Rules of Criminal Procedure. On appeal, the defendant argues that the trial court erred (1) in refusing to consider sentences that had been meted out to persons who the defendant contends were "similarly situated" to him and (2) by failing to afford him leniency in view of his family situation.

This case came before the Supreme Court for oral argument pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After considering the record, the memoranda submitted by the parties, and the oral arguments of counsel, we are satisfied that cause has not been shown and that this appeal may be decided without further briefing or argument.

For the reasons set forth in this opinion, we affirm the order of the Superior Court.

## I

### Facts and Travel

In the early morning hours of March 2, 2003 in the city of Woonsocket, Mr. Scanlon violently assaulted one Janet S.[1] and left her naked, injured, and alone on a cold wintery night.[2] At the time of trial, defendant stood charged with three counts of first-degree sexual assault (counts 1, 2 and 3); one count of first-degree robbery (count 4); one count of assault with a dangerous weapon (count 5); and one count of assault and battery resulting in serious bodily injury (count 6). All of said charges related to the felonious conduct that the prosecution alleged defendant had engaged in on March 2, 2003, with Janet S. being the victim.

On July 28, 2005, a jury found defendant guilty on all six counts that it had been called upon to consider.[3] On November 17 of the same year, the trial justice sentenced Mr. Scanlon to (1) fifty years to serve concurrently on each of the first four counts and (2) a suspended sentence of twenty years, with twenty years of probation on counts 5 and 6, to be served consecutively to counts 1 through 4. Thereafter, defendant appealed to this Court; and, on November 17, 2009, we affirmed the judgment of conviction in its entirety. *State v. Scanlon,* 982 A.2d 1268 (R.I.2009).

---

1. We refer to the victim by a pseudonym in order to protect her privacy.

2. The factual background of this case is described in fuller detail in our earlier opinion, in which we set forth our reasons for unanimously affirming defendant's convictions. *See State v. Scanlon,* 982 A.2d 1268 (R.I. 2009).

3. Initially, a ten-count indictment was returned by the grand jury against defendant. Thereafter, counts 7, 8, 9, and 10 (alleging one count of kidnapping and three counts of assault with a dangerous weapon—all concerning a separate victim) were eventually dismissed by the state pursuant to Rule 48(a) of the Superior Court Rules of Criminal Procedure.

After the denial of his appeal, Mr. Scanlon returned to the trial court and filed a timely Rule 35(a) motion to reduce sentence. Thereafter, on June 16, 2010, the attorney general filed a motion seeking an increase in defendant's sentence. On July 28, 2010, the same trial justice as had presided over the original trial conducted a hearing to address defendant's motion to reduce his sentence.

In support of his motion, Mr. Scanlon argued that the sentence imposed was too severe, and he urged the hearing justice to consider a statistical breakdown of the sentences imposed by the Superior Court with respect to convictions for first-degree sexual assault and first-degree robbery between the years 1988 and 2008. The defendant noted (1) that, over the course of that twenty-year period, only three individuals had received a sentence of fifty years in prison after a negotiated plea and (2) that only one individual had received a sentence of sixty years in prison after a jury-waived trial. Mr. Scanlon also referred the hearing justice to the relevant sentencing benchmarks for the crimes for which he had been found guilty, which, according to defendant's counsel, recommended a sentence of fifteen to twenty years "and up;" he contended that the trial justice at the time of the sentencing had focused "primarily on the severity of the crime * * * [when] there are many factors to be considered." The defendant further argued that he should be afforded leniency with respect to the time he had to serve so as to allow him to one day "be a father again to his three children."

In response, the state recounted the details of the "horrific" attack on Janet S.; the state argued that, due to the fact that Mr. Scanlon had shown no compassion when he had beaten, raped, stabbed, and robbed his victim, he did not deserve compassion or leniency from the court. In further arguing against defendant's motion to reduce, the state cited his criminal record; that record reflected convictions for several felonies—including larceny, felonious reckless driving, possession of a concealed weapon, and possession of a stolen motor vehicle. The state also pointed to the fourteen disciplinary infractions that the records of the Adult Correctional Institutions indicated defendant had committed while incarcerated.

During the hearing on defendant's Rule 35 motion, the hearing justice took issue with Mr. Scanlon's characterization of his prior criminal record as "minimal." In addition, the hearing justice explicitly alluded to the sentencing principles delineated in this Court's opinion in *McKinney v. State*, 843 A.2d 463 (R.I.2004), specifically referencing the assertion therein that the overriding inquiry for determining proportionality is whether "the sentence itself is unduly harsh when compared with the crime." *Id.* at 470. In his bench ruling on July 28, 2010, wherein he explained his rationale for denying defendant's motion to reduce, the hearing justice stated in part as follows:

"If ever a defendant deserved exceptional punishment, this defendant did. Mr. Scanlon, you are one of the most despicable individuals who has ever appeared in my courtroom in the last 25 years. If ever a sentence was commensurate with the egregious criminal misconduct that a defendant created, you are the prime example. Not by the most elastic stretch of the most fertile imagination is there one iota of mitigating factors that would persuade any casual observer, much less someone who watched this trial and heard and saw what you did to this woman, to conclude that somehow you are entitled [to] a scintilla of clemency. I'm not going to expand the pages of this record unnecessarily. The trial transcript speaks for itself. The motion is denied."

On October 5, 2010, the hearing justice entered an order denying both defendant's motion to reduce and the state's motion to increase. The defendant appealed from the former ruling in a timely manner.[4]

## II

### Standard of Review

■ This Court has on numerous occasions recognized that a motion to reduce sentence pursuant to Rule 35 "is essentially a plea for leniency." *State v. Byrnes*, 456 A.2d 742, 744 (R.I.1983); *see also State v. Snell*, 11 A.3d 97, 101 (R.I.2011); *State v. Ruffner*, 5 A.3d 864, 867 (R.I.2010); *State v. Mendoza*, 958 A.2d 1159, 1161 (R.I.2008); *State v. Kilburn*, 809 A.2d 476, 480 (R.I.2002). The decision concerning a motion to reduce sentence is confided "to the sound discretion of the trial justice, who may grant [the motion] if he or she decides on reflection or on the basis of changed circumstances that the sentence originally imposed was, for any reason, unduly severe." *Mendoza*, 958 A.2d at 1161 (internal quotation marks omitted).

■ On appeal, in light of our "strong policy against interfering with a trial justice's discretion in sentencing matters," we limit our interference with that discretion to "rare instances when the trial justice has imposed a sentence that is without justification and is grossly disparate from other sentences generally imposed for similar offenses." *State v. Mollicone*, 746 A.2d 135, 137 (R.I.2000); *see also State v. Coleman*, 984 A.2d 650, 654 (R.I.2009); *Mendoza*, 958 A.2d at 1161. The defendant bears the burden "to show that the sentence imposed violates this standard." *Snell*, 11 A.3d at 101 (internal quotation marks omitted); *see also Coleman*, 984 A.2d at 654; *Mendoza*, 958 A.2d at 1161.

As a result, "our review of a motion justice's ruling on a motion to correct pursuant to Rule 35 is limited." *State v. Goncalves*, 941 A.2d 842, 847 (R.I.2008); *see also Snell*, 11 A.3d at 101; *Ruffner*, 5 A.3d at 867; *Curtis v. State*, 996 A.2d 601, 603–04 (R.I.2010). Indeed, we have indicated that we are "loathe to interfere * * * except in the rarest of cases when the sentence is without justification." *Mendoza*, 958 A.2d at 1162 (internal quotation marks omitted).

## III

### Analysis

■ On appeal, Mr. Scanlon argues that the hearing justice erred in denying his Rule 35(a) motion to reduce sentence by (1) refusing to consider sentences meted out to similarly situated defendants and (2) by failing to afford him leniency given his family situation.

In considering defendant's contentions, it should be borne in mind that a trial justice considers a plethora of factors in "formulating a fair sentence * * * including the severity of the crime, the defendant's personal, educational, and employment background, the potential for rehabilitation, social deterrence, and the appropriateness of the punishment." *Coleman*, 984 A.2d at 655 (internal quotation marks omitted).

■ This Court has previously recognized that a comparison of a defendant's sentence to those of other defendants charged with the same crime is "not adequate to meet the heavy burden that a defendant must satisfy on a motion to reduce." *State v. Chase*, 9 A.3d 1248, 1255 (R.I.2010); *see also Mendoza*, 958 A.2d at 1162–63 n. 4 (stating that the defendant's

---

4. Although Mr. Scanlon filed his notice of appeal before the order denying his motion was entered, this Court nonetheless has appellate jurisdiction. *See State v. Diefenderfer*, 970 A.2d 12, 23 n. 24 (R.I.2009) (stating that a premature appeal does not deprive this Court of appellate jurisdiction); *see also State v. Ruffner*, 5 A.3d 864, 866 n. 4 (R.I.2010).

submission of a list of cases, wherein other defendants received a term of years for second-degree murder as compared to the life imprisonment imposed upon the defendant, was not adequate to meet the heavy burden placed upon a defendant in the context of a Rule 35 motion to reduce); *State v. Furtado*, 774 A.2d 38, 40 (R.I. 2001) ("Despite the defendant's attempt to show that the sentence he received was disparate from other sentences imposed for similar offenses, he failed to meet his burden of showing that there was no justification for the sentence he ultimately received."). Moreover, it should be noted that it is within the trial justice's province to consider the "different and potentially unique circumstances" presented by a particular sentencing; as a result, "any comparison of sentences can be misleading, especially if too much reliance is placed on this one factor in assessing whether a sentencing justice was justified * * *." *Chase*, 9 A.3d at 1255 (internal quotation marks omitted); *see also Mendoza*, 958 A.2d at 1162–63 n. 4.

In concluding that defendant's motion to reduce sentence should be denied, the hearing justice explicitly pointed to the brutality of Mr. Scanlon's criminal conduct, which notably included three separate convictions for sexual assault. *See generally Mendoza*, 958 A.2d at 1163. In addition, the hearing justice emphasized the impact that Mr. Scanlon's crime had upon his victim. Lastly, the hearing justice determined that there was not "one iota of mitigating factors" warranting a reduction in defendant's sentence.

In light of the severity of the defendant's criminal conduct and our deference to trial justices in sentencing matters, we consider the defendant's arguments on appeal to be unavailing. *See Mendoza*, 958 A.2d at 1162. The hearing justice determined that the "egregious criminal misconduct" committed by Mr. Scanlon justified the sentence that was imposed; accordingly, he did not abuse his discretion in declining to consider the sentencing statistics introduced by Mr. Scanlon. Likewise, the hearing justice did not abuse his discretion in declining to afford the defendant leniency in ruling on his Rule 35 motion. The sentence imposed on Mr. Scanlon was neither "beyond the power of the sentencing justice to impose, nor was it patently unjustified." *Furtado*, 774 A.2d at 40. Accordingly, we perceive no basis for holding that the hearing justice abused his discretion in denying the defendant's motion to reduce his sentence.

## IV

## Conclusion

For the foregoing reasons, we affirm the order of the Superior Court. The record may be returned to that tribunal.