**Supreme Court**

No. 2011-374-M.P.
(P1/04-1148A)

|  |  |
|---|---|
| State | : |
| v. | : |
| Gerald Lynch. | : |

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Tel. 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

State                          :

v.                          :

Gerald Lynch.                          :

Present:  Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

## O P I N I O N

**Justice Flaherty, for the Court.**  This case came before the Court on writ of certiorari after the defendant, Gerald Lynch, sought review of the trial justice's decision to deny his motion to reduce sentence.  On December 5, 2012, the parties appeared before this Court for oral argument based on an order directing the parties to show cause why the issues raised by the defendant should not be decided summarily without further briefing or argument.  After considering the record, the memoranda submitted by the parties, and the oral arguments advanced by each, we are of the opinion that cause has not been shown and that the matter should be decided at this time.  For the reasons set forth in this opinion, we affirm the trial justice's decision to deny the defendant's motion to reduce sentence.

# I

## Facts and Procedural History[1]

In 2004, M.G.[2] appeared at the Pawtucket Police Department and reported that he had been sexually assaulted by defendant almost twenty years earlier, when M.G. was fourteen and fifteen years old, and while he was employed at defendant's flower shop. In April 2004, a grand jury returned an indictment charging defendant with nine counts of first-degree sexual assault in violation of G.L. 1956 § 11-37-2.[3] In October 2006, a jury found Lynch guilty on four counts of first-degree sexual assault.[4] The trial justice denied defendant's motion for a new trial on November 16, 2006, and he sentenced defendant on March 28, 2007 to four concurrent sentences of twenty years at the Adult Correctional Institutions (ACI), ten years to serve, ten years suspended, with probation. On that same day, defendant moved in this Court for bail, pending appeal, which this Court granted. This Court affirmed defendant's conviction on May 6, 2011. See State v. Lynch, 19 A.3d 51, 61 (R.I. 2011). On June 1, 2011, defendant filed a motion to reduce his sentence under the provisions of Rule 35 of the Superior Court Rules of Criminal

---

[1] Because this case follows Lynch's earlier direct appeal of his conviction, we will limit our discussion of the facts only to those necessary to decide the issues before us. See State v. Lynch, 19 A.3d 51 (R.I. 2011).

[2] To protect the privacy of the complaining witness, we have redacted his name from this opinion.

[3] General Laws 1956 § 11-37-2 says, in relevant part:

> "A person is guilty of first degree sexual assault if he or she engages in sexual penetration with another person, and if any of the following circumstances exist:

> "* * *

> "(2) The accused uses force or coercion."

[4] After the close of the evidence, the state dismissed two counts of the indictment based on Rule 48(a) of the Superior Court Rules of Criminal Procedure. The jury found defendant not guilty on three counts of first-degree sexual assault, about which there was conflicting testimony. The remaining counts included an incident in which defendant forced M.G. to perform oral sex on him and three assaults that took place during M.G.'s sophomore year of high school.

Procedure,[5] which motion the trial justice denied on July 15, 2011.  The appeal was not timely filed; defendant therefore sought review by this Court by means of a petition for a writ of certiorari, which we granted on December 15, 2011.[6]

## II

### Standard of Review

"A motion to reduce sentence under Rule 35 is 'essentially a plea for leniency.'" State v. Mendoza, 958 A.2d 1159, 1161 (R.I. 2008) (quoting State v. Burke, 876 A.2d 1109, 1112 (R.I. 2005)).  "The decision concerning a motion to reduce sentence is confided 'to the sound discretion of the trial justice, who may grant [the motion] if he or she decides on reflection or on the basis of changed circumstances that the sentence originally imposed was, for any reason, unduly severe.'" State v. Scanlon, 30 A.3d 1258, 1261 (R.I. 2011) (quoting Mendoza, 958 A.2d at 1161).

On appeal, "[t]his Court adheres to a 'strong policy against interfering with a trial justice's discretion in sentencing matters.'" State v. Barkmeyer, 32 A.3d 950, 952 (R.I. 2011)

---

[5] Rule 35(a) of the Superior Court Rules of Criminal Procedure provides:

> "The court may correct an illegal sentence at any time. The court may correct a sentence imposed in an illegal manner and it may reduce any sentence when a motion is filed within one hundred and twenty (120) days after the sentence is imposed, or within one hundred and twenty (120) days after receipt by the court of a mandate of the Supreme Court of Rhode Island issued upon affirmance of the judgment or dismissal of the appeal, or within one hundred and twenty (120) days after receipt by the court of a mandate or order of the Supreme Court of the United States issued upon affirmance of the judgment, dismissal of the appeal, or denial of a writ of certiorari. The court shall act on the motion within a reasonable time, provided that any delay by the court in ruling on the motion shall not prejudice the movant. The court may reduce a sentence, the execution of which has been suspended, upon revocation of probation."

[6] The Office of the Attorney General had no objection to the granting of the petition.

(quoting State v. Chase, 9 A.3d 1248, 1254 (R.I. 2010)). "As a result, '[o]ur review of a trial justice's decision on a Rule 35 motion is extremely limited.'" Barkmeyer, 32 A.3d at 952 (quoting Chase, 9 A.3d at 1254). We will interfere with a trial justice's decision on a Rule 35 motion only in "rare instances when the trial justice has imposed a sentence that is without justification and is grossly disparate from other sentences generally imposed for similar offenses." Scanlon, 30 A.3d at 1261 (quoting State v. Mollicone, 746 A.2d 135, 137 (R.I. 2000)). "[T]he burden of showing that the sentence imposed violated this standard" falls squarely on the defendant. Mendoza, 958 A.2d at 1162 (quoting State v. Furtado, 774 A.2d 38, 39 (R.I. 2001)).

## III

## Analysis

Before this Court, Lynch, in essence, presents the same arguments that he proffered in the memorandum supporting his motion to reduce his sentence in the Superior Court. The defendant argues that his sentence should be reduced because his health problems and age place him "in circumstances far different from those of most defendants," circumstances which impose "a far heavier burden upon him than most inmates must bear." Lynch also urges that his good behavior is a factor that warranted leniency in his case. Indeed, defendant argues that the trial justice should have reduced his sentence even though he acknowledged that the sentence imposed on him "constitutes the minimum sentence recommended under the criminal sentencing benchmarks for these crimes."[7] After a thorough review of the record in this case, we hold that defendant has not met his burden of demonstrating that his sentence should be reduced or that the trial justice abused his discretion when he denied the motion.

---

[7] In fact, Benchmark 31B of the Superior Court Sentencing Benchmarks, entitled "Multiple counts with or without injury," recommends fifteen to twenty-five years imprisonment. The statute, § 11-37-3, allows for the imposition of anywhere between ten years and life.

When he or she imposes a sentence on a criminal defendant, "a trial justice considers a variety of factors, including the severity of the offense, the defendant's personal, educational, and employment background, the potential for rehabilitation, social deterrence, and the appropriateness of punishment." State v. Chhoy Hak, 30 A.3d 626, 628 (R.I. 2011) (citing State v. Tiernan, 645 A.2d 482, 484 (R.I. 1994)). It is very clear to us from the record that, during the hearing on defendant's motion, the trial justice stressed that he had considered defendant's age and health when he imposed the sentence. In fact, the trial justice noted that the Superior Court did "all that was within its power to assure itself that the defendant would be properly medically treated when he arrived at the [ACI]." In making his decision, the trial justice emphasized the large population of inmates at the ACI—noting that "[a] number of them have complex medical issues that" are "similar to the medical issues that Mr. Lynch has." Although Lynch argued that the ACI's failure to properly medicate him on two occasions compelled the reduction of his sentence, the trial justice disagreed. He said, "the extent that that care may be unintentionally delayed, in this Court's mind, is not a reason that this Court should consider in responding to a motion to reduce his sentence, and the Court will not do so."

In considering defendant's age, the trial justice emphasized that it had been defendant's decision to seek bail pending appeal rather than to begin serving his time while his appeal was pending.[8] The trial justice said, "for the defendant to now come before this Court and say, 'I am now four years older and, therefore, I should not be sentenced,' reminds this Court of the story about the child who kills his parents and then asks the Court to take mercy on him because he's an orphan." He observed that the sentence he imposed was less severe than had been recommended by the state, and at the time of sentencing the trial justice had recognized that

---

[8] The trial justice did note that defendant was well within his rights to seek appeal and to seek bail pending the outcome of that appeal.

Lynch was sixty-four years old. The trial justice concluded that the sentence that he had imposed after trial was "more than reasonable, more than fair," perhaps even "unfair to [the victim]."

The defendant's argument that he had remained on good behavior while on bail pending appeal gains no traction; nothing less was expected of him. Indeed, by way of analogy, on numerous occasions this Court has held "that it is within a trial justice's discretion to reserve consideration of a defendant's 'good behavior and rehabilitative efforts while in prison to the parole board.'" Barkmeyer, 32 A.3d at 953 (quoting State v. Ruffner, 5 A.3d 864, 868 (R.I. 2010)). Indeed, "[a]ppropriate prison behavior is expected of all inmates and is irrelevant to the factors considered by a trial justice when he or she initially imposes a sentence." State v. Guzman, 794 A.2d 474, 476 (R.I. 2002). Accordingly, we are satisfied that the trial justice did not abuse his discretion in declining to accord any weight to Lynch's good behavior while on bail.

Ultimately, the trial justice reasoned that he took into consideration defendant's "background, his age, the nature of the offenses, the harm that Mr. Lynch caused to [the victim] when it fashioned its original sentence."[9]

This Court repeatedly has said that it is "loathe to interfere with a trial justice's discretionary resolution of a Rule 35 motion * * *." Mendoza, 958 A.2d at 1162 (quoting State v. Smith, 676 A.2d 765, 767 (R.I. 1996)). Furthermore, this Court has held that "the power [to reduce a sentence] should be exercised only when the sentence is without justification and grossly disparate from sentences generally imposed for similar offenses." Chhoy Hak, 30 A.3d at

---

[9] Indeed, counsel for Lynch acknowledged that the trial justice was "well aware" of defendant's case and "took many, many things into consideration" when pronouncing the sentence. In addition, counsel acknowledged that the Superior Court "has been well aware of" Lynch's heart condition "for many years."

629 (quoting State v. Giorgi, 121 R.I. 280, 282, 397 A.2d 898, 899 (1979)). In our opinion, Lynch has not established to any degree that the trial justice abused his discretion when he denied the motion to reduce his sentence. "The defendant bore a weighty burden in this case and ultimately failed to shoulder it because he is unable to demonstrate 'that this matter is among those rarest of cases that would justify altering our strong policy against interference with the ruling of the trial justice.'" Barkmeyer, 32 A.3d at 955 (quoting State v. Dyer, 14 A.3d 227, 228 (R.I. 2011) (mem.)). The sentence imposed on Mr. Lynch was neither "beyond the power of the sentencing justice to impose, nor was it patently unjustified." Scanlon, 30 A.3d at 1262 (quoting Furtado, 774 A.2d at 40).

## IV

## Conclusion

For the reasons set forth in this opinion, we affirm the decision of the Superior Court, and we remand the papers in this case to that tribunal.


**TITLE OF CASE:**     State v. Gerald Lynch.

**CASE NO:**     No. 2011-374-M.P.
(P1/04-1148A)

**COURT:**     Supreme Court

**DATE OPINION FILED:**     January 10, 2013

**JUSTICES:**     Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia JJ.

**WRITTEN BY:**     Associate Justice Francis X. Flaherty

**SOURCE OF APPEAL:**     Providence County Superior Court

**JUDGE FROM LOWER COURT**:

Associate Justice Edward C. Clifton

**ATTORNEYS ON APPEAL:**

For State:   Christopher R. Bush
Department of Attorney General

For Defendant:  Lara E. Montecalvo
Office of the Public Defender